IRLO BRONSON (Complainant below) v. R. E. WILLIS (Plaintiff below), A. D. WEEKS (Defendant below).

194 So. 245
Opinion Filed February 27, 1940
Rehearing Denied March 12, 1940

W. J. *Steed,* for Plaintiff in Error;

*G. P. Garrett* and *Lawrence Rogers,* for Defendants in Error.

TERRELL, C. J.—R. E. Willis secured a judgment against A. D. Weeks for $603.90 and costs. On the third of December, 1937, execution was placed in the hands of the sheriff who levied on ten shares of common stock in the First National Bank of Kissimmee belonging to Weeks.

On December 21, the sheriff gave notice that he would on the 7th day of February, offer said stock for sale to satisfy the judgment of Willis. On February 5, Irlo Bronson as claimant filed his claim affidavit alleging that the said stock belonged to him. Thereafter the sufficiency of the claim of Irlo Bronson came on to be heard under the statute when all the parties thereto entered into a stipulation wherein it was agreed that Bronson at the request of Weeks had endorsed a $200 note payable to the First National Bank of Kissimmee and that the said stock was pledged to Bronson as security for his accommodation endorsement, that on the 18th day of December, 1939, $175 was still due on said note, that Bronson had no notice of the levy on the stock and that on the last named date, Bronson paid Weeks $500 in cash and assumed the balance due on the $200 note.

The stipulation having furnished all facts necessary to a determination of the issue in the claim proceedings, a jury was waived and said issue was submitted to the Court for determination. The Court found, (1) that the ten

shares of stock were subject to the levy and execution in favor of Willis, (2) The stock did not belong to Bronson, to the extent of supporting a claim proceeding, he having only an equitable interest therein, and (3) The right of Bronson to the stock under the sale by Weeks having been made subsequent to the execution is inferior to the right of the execution creditor because of the levy previously made thereon. A motion for new trial was denied and this writ of error was prosecuted.

In September, 1938, Bronson moved to stay the execution and suspend further proceedings thereon because the levy and execution were wholly insufficient, would constitute no basis for a legal sale, that no statutory authority existed for such a sale, and that such a sale would be useless and would pass no title.

On consideration of this motion, the Court found that the right of property in the stock was in Weeks, subject to the pledge by him to Bronson as security for payment of the $200 note. The motion to stay was accordingly denied and Willis was permitted to proceed to levy on and sell the stock subject to the right of Bronson under the pledge. Writ of error was prosecuted from this Judgment. Both writs of error were by stipulation consolidated and brought to this Court under a single transcript.

It is first contended that the stock being that of a national bank organized under the National Banking Act, is not subject to levy and sale under the laws of this State.

Section 4509 and Section 4533, *et seq.,* Compiled General Laws of 1927, are relied on to support this contention. Section 4509 enumerates generally such properties as are subject to execution in this State and among others includes "Stock in corporations." Sections 4533, *et seq.,* provides the manner in which shares of stock in corporations

organized in this State shall be levied on and sold. Section 4509 is sufficient to include shares of stock in a national bank. It was enacted many years prior to the latter Act which shows no purpose whatever to repeal it. We hold, therefore, that stock in a national bank is subject to execution and sale in the same manner that other corporate stock is subject to sale.

Having answered this question in the affirmative the only other question we are called on to answer may be stated as follows: What are the relative rights of Willis, the judgment creditor, and Bronson, the pledgee, in the stock brought in question?

The stipulation shows that the pledge of the stock to Bronson was bona fide and was made long before the judgment creditor's execution was secured. The stipulation further shows that Bronson, without notice that the sheriff had levied on the stock, purchased it from the owner for a consideration of $500 in cash plus the balance due on the note.

The trial court found that the title to the stock was in Weeks on the date of the execution, that it had been pledged to Bronson to secure his accommodation endorsement, that Bronson knew nothing about the execution but that it might be sold subject to the balance due on the pledge.

A majority of the Court are of the view that the judgment below should be affirmed on authority of Section 4533, et seq., C. G. L. of 1927. This protects Bronson's pledge but does not protect the amount he paid for the stock. The writer is of the view that the equities in favor of Bronson are such that both the pledge and the amount paid for the stock should be paid prior to the judgment of Willis.

Affirmed.

68

WHITFIELD, P. J., BUFORD, CHAPMAN and THOMAS, J. J., concur.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.