**EARLY & DANIEL CO. v. BROWN, et al.**

No. 66408.

Civil Court of Record, Duval County.

October 26, 1961.

James W. Pettyjohn, Jacksonville, for plaintiff.

Neil C. Taylor, Jacksonville, for defendant.

TYRIE A. BOYER, Judge.

This cause came on to be heard on the defendants' motion to dismiss the amended complaint. Though the allegations of the amended complaint leave some doubt and confusion in the mind of the reader as to the theory upon which the plaintiff seeks to recover, the plaintiff's attorney stated at the hearing that he was seeking to recover for conversion (or trover) on the theory that the defendants, by disposing of property purchased from plaintiff's judgment debtor — after entry of judgment and issuance of execution but before levy — were guilty of conversion and therefore answerable to plaintiff. The amended complaint will be considered in that light.

It is important to point out that this is not a suit to enforce a lien against specific property, nor is it a suit to set aside a fraudulent conveyance. The defendants are not alleged to be plaintiff's judgment debtors.

Because of the novelty of the question involved and the paucity of law (though an abundance of dictum) the court took the matter under advisement until it could be considered at length in calm and quiet — and after research.

The question before the court is —

May the holder of a judgment, upon which an execution has been issued and docketed with the sheriff, but pursuant to which there has been no levy, maintain an action for conversion against a purchaser of personal property from the judgment debtor, which purchaser had no actual knowledge of the existence of the execution and who has disposed of the personal property, the purchase having been made after the docketing of the execution but before levy?

An "execution" is defined "as a writ issued to an officer which directs and *authorizes* him to carry into effect the judgment of the court." (13 Fla. Jur., Executions §2, page 455 and cases there cited.) (Italics added above, and italics in the paragraphs below have all been added by the court.)

It appears to be well settled that — "an execution is a lien upon personal property of the defendant in execution from the time such writ shall be delivered to the sheriff." (Goodyear, etc. v. Daniel, 72 Fla., 489, 490; and Love v. Williams, 4 Fla. 126; 19 Fla. Jur., Judgments & Decrees §202.)

"The right to execution on a judgment is statutory. Before it can be invoked, a writ of execution must be issued from the proper court. In other words, a judgment creditor's lien is not automatically placed into effect. He has a mere *power* to make his lien effectual by following the requirements of the law and consummating his judgment by execution *and levy* on the property." (13 Fla. Jur., Executions §12, and authorities there cited.)

"An execution creates a lien on the property *subjected to* levy. However, the lien *does not constitute*, per se, a right of *property in the thing itself*. Nor does the lien of an execution divest the debtor of his title to the property, or give the execution officer any control over the property *before the writ is actually executed*. It is simply a right to levy on and sell the property for the satisfaction of the debt created by the judgment on which it is issued." (13 Fla. Jur., Executions §34, and authorities there cited.)

" * * * an execution is a lien only on such property as the writ may be levied, and property not subject to levy is not bound by the lien of an execution." (13 Fla. Jur., Executions §36, page 471; Evins v. Gainesville Nat. Bank, 80 Fla. 84, 85 So. 659.)

"A *levy* of execution has been defined as an absolute appropriation in law of the property levied on to the payment of the judgment debt. * * * " (13 Fla. Jur., Executions §39), and "Property *which is taken in execution* is regarded as being in custodia legis * * * " (13 Fla. Jur., Executions §43.)

"An action in trover is a possessory action and founded upon a disturbance of plaintiff's right to possession of chattels." (Fletcher v. Dees, 134 So. 345, 235, citing Bowers Law of Conversions, §596-598, etc.)

"It has been held that a lien holder with *possession or right to possession* may maintain an action for conversion of said property." (Fletcher v. Dees, supra, and cases there cited.)

But — "In trover it is not only necessary that the plaintiff have title to or right of property in the chattel which is the subject of the suit, but this must be united either with proof of possession or of a right of *immediate* possession." (Meyers v. Farris, 109 So. 209, 210, and cases there cited.)

"One who has merely a lien upon chattels, without any right to their possession, cannot maintain trover for conversion." (Dekle v. Calhoun, 53 So. 14, 15, and authorities there cited.)

In view of the foregoing, the writer is of the opinion that the holder of a judgment, pursuant to which an execution has been issued and docketed with the sheriff, but upon which there has been no levy, is a mere lien holder as to personal property belonging to the judgment debtor, and cannot maintain an action in trover against the purchaser of personal property from the judgment debtor.

No case contrary to the writer's thus stated opinion has been cited by either party to this cause, and extensive independent research has failed to reveal any.

The court is not unmindful of the bold statement appearing in 19 Fla. Jur., Judgments and Decrees §213, page 284, that — "any sale or assignment of the defendant's personal property after delivery of the writ of execution to the sheriff is ineffectual as to lien of the execution." First, there is no indication as to what is meant by the word "ineffectual." Secondly, the authority cited by said text (Love v. Williams (1851), 4 Fla. 126) though containing the quoted statement, involved an entirely different set of circumstances, and the statement is pure dictum. The last mentioned case is good authority for the proposition that the property right in the chattels is not altered by delivery of the writ of execution to the sheriff — *"but it continues in the defendant 'til execution executed"* (4 Fla. at page 134). The writer takes comfort in the knowledge that one of Florida's greatest — if not the greatest — jurists, Mr. Justice Terrell, was of a similar opinion, as expressed in his dissent in Bronson v. Willis, 194 So. 245, in which case a similar situation was involved — except that in that case there was an actual levy pursuant to the writ of execution.

For the reasons stated, the court is of the opinion that the complaint must be dismissed. An appropriate order will be entered.