GOODYEAR TIRE & RUBBER COMPANY, A CORPORATION, *Appellant,* v. LEE DANIEL, *Appellee.*

Opinion Filed Dec. 19, 1916.

1. Where the complainant in a bill in chancery sets the cause down for hearing on bill and answer before replication filed to the answer, and consequently, before the cause is at issue, such complainant, in thus shutting the defendant off from proving the truth of his answer, must be held at such hearing to have admitted the truth of all the allegations of the answer, notwithstanding any formal defect in the oath to such answer.

2. An execution is a lien upon personal property of the defendant in execution from the time such writ shall be delivered to the sheriff.

Appeal from Court of Record of Escambia County; Kirke Monroe, Judge.

Decree reversed.

*LeRoy V. Holsberry,* for Appellant;.

*L. W. Nelson,* for Appellee.

PER CURIAM.—Lee Daniell brought a bill in equity to enforce a mortgage lien executed June 15, 1915, and recorded June 19, 1915, upon an automobile as the property of W. J. Corner, the Goodyear Tire & Rubber Company who claims some interest in the automobile being made a co-defendant. By answer on March 6, 1916, the Goodyear Tire & Rubber Company averred in effect that on November 3, 1913, it recovered a judgment in the Circuit Court for Escambia County against W. J.

Corner doing business as the Corner Garage for $252.04 and $4.38 costs upon which judgment "execution was issued on the 24th day of November, 1913, which execution according to a return made thereon by the sheriff went into his hands on the 20th day of April, 1914;" that on or about August 12, 1915, the sheriff levied said execution on the automobile; that when the execution passed into the hands of the sheriff, April 20, 1914, it became a lien upon the automobile, under which lien the automobile was sold to the defendant company and that said execution lien was superior to the mortgage lien recorded June 19, 1915.

The complainant, on March 14, 1916, set the cause down for hearing on bill and answer before replication was filed to the answer. The court held the mortgage to be the superior lien and decreed accordingly. The Goodyear Tire & Rubber Company appealed.

Where the complainant in a bill in chancery sets the cause down for hearing on bill and answer before replication filed to the answer, and, consequently, before the case is at issue, such complainant, in thus shutting the defendant off from proving the truth of his answer, must be held at such hearing to have admitted the truth of all the allegations of the answer, notwithstanding any formal defect in the oath to such answer. Lee v. Bradley Fertilizer Co., 44 Fla. 787, 33 South. Rep. 456; 3 Am. & Eng. Ency. Law & Proc. 1426. The statute dispensing with replications in certain chancery cases, Chap. 6907, Acts of 1915, does not change this rule.

An execution is a lien upon personal property of the defendant in execution from the time such writ shall be delivered to the sheriff. See Love v. Williams, 4 Fla. 126. The cause was set down for hearing on bill and answer, and the answer shows that the lien of the execu-

tion is prior in date to the mortgage lien, therefore the execution lien is superior, and the decree is erroneous.

Decree reversed.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL, WHITFIELD and ELLIS, JJ., concur.