MARY W. EVINS, *Appellant*, v. THE GAINESVILLE NATIONAL BANK *et al., Appellees.*

Opinion Filed June 26, 1920.

1. An execution issued on a judgment, called a writ of *fieri facias*, is a lien upon the personal property of the defendant in execution from the time such writ shall be delivered to the sheriff.

2. Lands and tenements, goods and chattels, equities of redemption in real and personal property, and stock in corporations are subject to levy and sale under execution.

3. A mortgage, in this State, is a specific lien upon property, and is not, of itself, a conveyance of the legal title.

4. A mortgagee, either before or after default in payment, has no title by virtue of his mortgage to the mortgaged real estate. His interest is simply a specific lien for the security of the debt mentioned in the mortgage, and he can acquire the legal title as against the mortgagor, or his grantees, only by outbidding every other person at the foreclosure sale.

5. A mortgage of real estate is regarded as an accessory to the debt secured by the mortgage, and the assignment of the debt *ipso facto* carries with it the mortgage security.

6. As a general rule the lien of an execution operates upon and binds all property, real or personal, which is the subject of levy and sale in obedience to its mandate.

7. An execution is a lien only upon such property as the writ may be levied upon; and under the statute only "lands and tenements, goods and chattels, equities of redemption in real and personal property and stock in corporations" are subject to levy and sale under executions, therefore, a mortgage upon real estate, being merely a contract lien upon the land, is not subject to levy and consequently not subject to the lien of an execution.

An Appeal from the Circuit Court for Alachua County; James T. Wills, Judge.

Order affirmed.

*Thomas W. Fielding,* for Appellant;

*W. S. Broome* and *Robert E. Davis,* for Appellees

WHITFIELD, J.—The bill of complaint herein in substance alleges that appellant here recovered a judgment against Ferdinand Bayer, upon which an execution was issued and placed in the hands of the sheriff, due nota-

tions thereof being made in the public records; that Bayer is insolvent and has no property upon which the execution may be levied; that subsequent to the issue and delivery to the sheriff of the execution, parties who were indebted to Bayer executed to him a mortgage deed upon described real estate, which mortgage it is alleged became subject to the indebtedness due the complainant as evidenced by her judgment and execution; that the mortgage deed was by Bayer assigned to the Gainesville National Bank, which "took the said mortgage deed from the said Ferdinand Bayer subject to the lien and indebtedness of oratrix against the said Ferdinand Bayer, as evidenced by her aforesaid judgment and execution mentioned in the first folio of this bill, and the said defendant, The Gainesville National Bank, a corporation, now holds the said mortgage deed in trust for oratrix to the extent of the sum of the indebtedness due to her by the said Ferdinand Bayer, as set forth in folio one of this bill."

The prayer is that the complainant be decreed to be "the owner of the mortgage deed" "to the extent of the sum of money, with interest and costs, that is due to her by her judgment and execution against the said Ferdinand Bayer. That a decree be rendered adjudging that the defendant, The Gainesville National Bank, a corporation, is a trustee for oratrix of the mortgage deed  *  to the extent of the sum of the indebtedness due to oratrix by the said Ferdinand Bayer; and that when the said mortgage deed becomes due and enforceable the said defendant, The Gainesville National Bank, a corporation, be required to enforce and collect same and pay to oratrix the sum of money due to her, with interest and costs thereon. That if the said defendant, The Gainesville National Bank, a corporation, should, for any cause,

refuse or neglect to enforce the said mortgage deed when it becomes due and enforceable, or should neglect or refuse to pay oratrix the sum of money due to her under her said judgment and execution, that oratrix may have a decree authorizing her to proceed to enforce and collect said mortgage deed, by proper suit in her name, and sell the lands covered by said mortgage deed to pay her said judgment and execution. That oratrix may have all such further and any such other relief that she may be entitled to have in the premises, although she has not expressly prayed for such relief," etc.

A demurrer to the bill of complaint was sustained and the complainant appealed.

The question presented is whether a mortgage upon real estate is subject to the lien of an execution.

An execution issued on a judgment, called a writ of *fieri facias,* is a lien upon the personal property of the defendant in execution from the time such writ shall be delivered to the sheriff. Pasco v. Harley, 73 Fla. 819, 75 South. Rep. 30; Love v. Williams, 4 Fla. 126; Hunt v. Finegan, 11 Fla. 105; text 111; Kimball v. Jenkins, 11 Fla. 111, text 123.

Lands and tenements, goods and chattels, equities of redemption in real and personal property, and stock in corporations, shall be subject to levy and sale under execution. § 1618, Gen. Stats. 1906.

A mortgage shall be held to be a specific lien on the property therein described, and not a conveyance of the legal title or of the right of possession. § 2495, Gen. Stats. 1906; Hull v. Burr, 58 Fla. 432, 50 South. Rep. 754.

A mortgage, in this State, is a specific lien upon property, and is not, of itself, a conveyance of the legal title.

McMahon v. Russell, 17 Fla. 698; Berlack v. Halle, 22 Fla. 236.

A mortgagee, either before or after default in payment, has no title by virtue of his mortgage to the mortgaged real estate. His interest is simply a specific lien for the security of the debt mentioned in the mortgage, and he can acquire the legal title as against the mortgagor, or his grantees, only by outbidding every other person at the foreclosure sale. Jordan v. Sayre, 29 Fla. 100, 10 South. Rep. 823; Coe v. Finlayson, 41 Fla. 169, 26 South. Rep. 704.

A mortgage of real estate is regarded as an accessory to the debt secured by the mortgage, and the assignment of the debt *ipso facto* carries with it the mortgage security. Taylor v. American Nat. Bank of Pensacola, Fla., 63 Fla. 631, 57 South. Rep. 678.

As a general rule the lien of an execution operates upon and binds all property, real or personal, which is the subject of levy and sale in obedience to its mandate. 17 Cyc. 1052.

An execution is a lien only upon such property as the writ may be levied upon; and under the statute only "lands and tenements, goods and chattels, equities of redemption in real and personal property and stock in corporations" are subjevt to levy and sale under executions, therefore, a mortgage upon real estate, being merely a contract lien upon the land, is not subject to levy and consequently not subject to the lien of an execution. See 17 Cyc. 965; Morris v. Barker, 82 Ala. 272, 2 South. Rep. 335; Freeman on Executions (3rd. ed.) §§ 118, 184, 197; 10 R. C. L. 1265; 17 R. C. L. 134.

As the appellant has no lien on the mortgage sought to be impounded, by virtue of her execution, and has set up no independent equity for the relief prayed, the order sustaining the demurrer to the bill of complaint was proper and is affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.