CLAUDE D. REESE, Inc., v. UNITED STATES ex rel. COLLECTOR OF INTERNAL REVENUE et al.

No. 7409.

Circuit Court of Appeals, Fifth Circuit.

Feb. 7, 1935.

E. Harris Drew and Shelby Buford, both of West Palm Beach, Fla., and J. W. Pettyjohn and H. B. Fozzard, both of Jacksonville, Fla., for appellants.

John W. Holland, U. S. Atty., of Jacksonville, Fla., and Raymond F. Brown, Sp. Asst. U. S. Atty., of Miami, Fla., for appellees.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

SIBLEY, Circuit Judge.

Three executions on judgments of appellants obtained in a state court of Florida were placed for levy in the hands of the sheriff more than four months before the filing of a petition in bankruptcy against the defendant in fi. fa., but were levied within the four-month period on personal property. The court of bankruptcy enjoined the sheriff from selling, and itself made sale. On a distribution of the proceeds, the referee held that the judgments had priority over a claim of the United States for income taxes for the year 1928 which had been assessed since the levies were made. The District Judge reversed, and this appeal followed.

In Florida a judgment lien as to personal property is governed by the common law as modified by the English statute of frauds. Love v. Williams, 4 Fla. 126. It dates, not from the obtaining of the judgment, but from the placing of the execution in the hands of the sheriff for levy. Evans v. Gainesville National Bank, 80 Fla. 84, 85 So. 659; Goodyear Tire & Rubber Co. v. Daniel, 72 Fla. 489, 73 So. 592. The levy does not create the lien, but is only a step in the enforcement of it. The sheriff having had the executions of appellants in his hands more than four months when the bankruptcy occurred, the judgment liens were not invali-

dated thereby under section 67f of the Bankruptcy Act (11 USCA § 107 (f). Straton v. New, 283 U. S. 318, 322, 51 S. Ct. 465, 75 L. Ed. 1060. Since the liens held good, and since the levies were made before bankruptcy, the injunction issued by the court of bankruptcy against their enforcement was probably erroneous, but the sheriff surrendered the property which he had levied on, and it has been sold by the trustee. The liens of the judgments adhere to the proceeds, "and will be accorded priority by the bankruptcy court in distribution of the estate, in accordance with applicable local law." Straton v. New, supra, at page 322, of 283 U. S., 51 S. Ct. 465, 467. These judgments are therefore debts secured by liens in the court of bankruptcy. As such, they are entitled to be paid in full from the proceeds of the property subject to their liens before the distribution of the general estate under section 64 as amended in 1926 (11 USCA § 104) is begun. City of Dallas v. Ryan (C. C. A.) 62 F.(2d) 959.

█ The tax is not one on the property itself irrespective of ownership, but is a personal charge against the bankrupt because of his income in a prior year. A lien is given it by title 26 USCA § 115 (a), arising at the time the assessment list was received by the collector, but by subsection (b) it is not valid as against any mortgagee, purchaser, or judgment creditor until notice thereof is filed as therein required. No kind of notice was filed of this tax until proof of the claim was made three months after the bankruptcy and more than seven months after the judgment liens arose. The judgment liens, therefore, are older in time and superior in dignity. The District Court, however, gave the claim due to the United States priority because of 31 USCA § 191 relying on New York v. Maclay, Receiver, 288 U. S. 290, 53 S. Ct. 323, 77 L. Ed. 754, affirming People of State of New York v. Maclay (C. C. A.) 59 F.(2d) 979. That, however, was not a case of bankruptcy, but of receivership under a creditors' bill. It may be true, as is contended, that a general judgment lien not levied on specific property before the date of insolvency cannot stand against the priority given the United States where section 191 controls. But here the Bankruptcy Act controls, and it is held to have superseded the priority statute in cases of bankruptcy. Guarantee Title & Trust Co. v. Title Guaranty & Surety Co., 224 U. S. 152, 32 S. Ct. 457, 56 L. Ed. 706; Davis v. Pringle, 268 U. S. 315, 45 S. Ct. 549, 69 L. Ed. 974. The

priority was legislated back into the Bankruptcy Act by the amendment of 1926, but only so as to rank debts due to the United States under section 64b (7), 11 USCA § 104 (b) (7). A higher dignity would be given the present claim by treating it as one for taxes without lien under section 64b (6), as amended in 1926 (11 USCA § 104 (b) (6). But in City of Dallas v. Ryan, supra, we held that lien creditors as respects the proceeds of property subject to their liens are under section 67d (11 USCA § 107 (d) ahead of taxes without lien under section 64, and that the generality of a lien which attaches to all property does not prevent this. The general lien there dealt with was a city tax lien arising under the laws of the state. In Straton v. New, supra, a general judgment lien was upheld in bankruptcy. In Henderson v. Mayer, 225 U. S. 631, 32 S. Ct. 699, 56 L. Ed. 1233, the general lien of a landlord was upheld, though established on specific property by a levy only four days before bankruptcy. The levies here involved were made several weeks before bankruptcy and before the income taxes claimed by the United States were ever assessed. The judgment of the District Court is reversed, with direction to sustain that of the referee.