272 So.2d 545 (1973)
Donald L. SMITH et al., Appellants,
v.
E. Wilson PURDY et al., Appellees.
John L. SCOTT and Elaine Scott, Appellants,
v.
E. Wilson PURDY et al., Appellees.
Nos. 72-647, 72-663.
District Court of Appeal of Florida, Third District.
February 5, 1973.
*546 Barry L. Zisser, Kennelly & Zisser, Jacksonville, Walton & Garrick, Miami, for appellants.
Stuart L. Simon, County Atty., and R.A. Cuevas, Jr., Asst. County Atty., Hall & Hedrick, Michael D. Sikes, Miller & Russell, Jerry A. Burns, Abney & Whittling, Miami, Smith, Mandler, Smith & Parker, Miami Beach, for appellees.
Before BARKDULL, C.J., and CHARLES CARROLL and HENDRY, JJ.
CARROLL, Judge.
Prior to conducting an execution sale of certain shares of corporate stock, belonging to a judgment debtor which had been levied upon a writ of execution, the sheriff of Dade County filed this action against the several judgment creditors who had delivered writs of execution to his office, seeking a declaratory judgment to determine the priorities thereof.
The order of priority was found by the court to be as follows:
"1st. Defendant Equilease Corporation.
"2nd. Defendant Aquachem Company, Inc.
"3rd. Defendant Omnibus Group, Ltd. Corporation.
"4th. Defendants Nicholos J. and Maria S. Valiante.
"5th. Defendants Smith, Setzer, Zisser and McCurry.
"6th. Defendants-intervenors John L. and Elaine Scott."
Appeal No. 72-647 was filed by judgment creditors Donald L. Smith, Barry L. Zisser, Rexford S. Setzer, Jr., and Edgar W. McCurry, Jr., whose writs of execution had been delivered simultaneously to the sheriff. Their executions were issued out of the circuit court of Broward County, where each of said four creditors had obtained a judgment against Pace Industries, Inc., a Delaware corporation. Appeal No. 72-663 was filed by the intervenor defendants John L. Scott and Elaine Scott. The judgment was superseded. The appeals were consolidated here.
Facts of the case, to which the parties stipulated, as set out in the complaint (with omission of references therein to exhibits) were as follows:
"On October 7, 1971, at 10:03 a.m., four writs of execution were received at the Plaintiff's office, for Defendants, Smith, Setzer, Zisser, and McCurry. * * * These four writs were forwarded with a cover letter by Donald L. Smith, Esq., dated September 28, 1971, directing the Plaintiff to docket and index said writs. * * *
"On November 1, 1971, Plaintiff received a letter from Mr. Smith, dated October 29, 1971, requesting that the above four executions be returned unsatisfied as soon as possible. * * *
"Accordingly, the four writs of Defendants, Smith, Setzer, Zisser and McCurry were returned on November 1, 1971, unsatisfied at the request of the attorney who initially forwarded them to the Plaintiff's office. * * *
"On November 2, 1971, at 9:46 a.m., a writ of execution in favor of Defendant, Equilease Corp., was delivered to the Plaintiff's office. * * *
"On November 24, 1971, at 12:56 p.m., a writ of execution in favor of Defendant, Aquachem Company, Inc., was delivered to the office of Plaintiff. * * *
On November 30, 1971, at 3:33 p.m., a writ of execution in favor of Defendant, Omnibus Group, Ltd., was delivered to the office of Plaintiff. * * *
"On January 27, 1972, at 12:41 p.m., a writ of execution in favor of Defendants, Nicholas J. Valiante and Mary S. Valiante, his wife, was delivered to the office of the Plaintiff. * * *

*547 "The attorney on behalf of Defendant, Aquachem, Michael D. Sikes, Esq., instructed the Plaintiff to levy on some 19,600 shares of stock of Stellar Industries to satisfy a judgment in favor of Defendant, Aquachem against Defendant, Pace Industries, Inc. Accordingly, the Plaintiff levied on such stock, and has advertised the same for Sheriff's Sale scheduled for February 9, 1972. The notice of Sheriff's Sale, and advertisements therefor, listed only the names of those Defendants whose writs of execution remained in the Plaintiff's office, i.e., Defendants, Equilease, Aquachem, Omnibus Group, Ltd. The advertisement for this sale has been published four times, on January 11, 18, 25 and February 1, 1972.
"On February 1, 1972, Plaintiff received a letter from Mr. Smith, dated January 27, 1972, and the four executions on Defendants, Smith, Setzer, Zisser, and McCurry, which had previously been returned `unsatisfied'. The letter asked that these writs be redocketed and indexed."
The determinative question on appeal by the Smith group of judgment creditors is whether, by withdrawing their unsatisfied executions from the office of the sheriff, they lost their position of first priority with respect to the levy which was made after other executions had been delivered to the sheriff, and during the time when the Smith group executions were not in the possession of the sheriff.
The trial court answered that question in the affirmative, and correctly so ruled in our view. The law provides that a judgment will operate as a lien on personal property of the judgment debtor within the county from the time that a writ of execution based thereon is delivered to the sheriff. Goodyear Tire & Rubber Co. v. Daniell, 72 Fla. 489, 73 So. 592; Black v. Miller, Fla.App. 1969, 219 So.2d 106. Where several executions against a judgment debtor are delivered to the sheriff each will become a lien on the personal property of the judgment debtor within the county. Priority of the liens will follow the sequence of delivery of the executions to the sheriff, the first delivered being first in priority and the last delivered being last. If a levy is then made, such execution should be on the first writ of execution which was so delivered to the sheriff, that is, levies on such executions should be made in accordance with the priorities thus established. In 13 Fla.Jur., Executions, § 38 it is said: "If more than one execution has been delivered to the sheriff of a county, he should execute them in the order in which they are delivered. The first delivered should be the first executed." Ibid § 106; Love v. Williams, 4 Fla. 126.
However, application of that rule as to priorities when a levy is made necessarily must be with reference to writs of execution which are in the hands of the sheriff at the time of the levy.
Withdrawal by the Smith group of their executions from the sheriff while the executions were unsatisfied did not work a dissolution of the executions, since by law the effectiveness thereof continues during the life of the judgment unless it is sooner satisfied. §§ 56.021 and 56.041 Fla. Stat., F.S.A. Also, it would appear that the temporary withdrawal of the executions from the sheriff (such as for the purpose of seeking execution thereon elsewhere) would not vitiate the lien of the judgment on personal property of the judgment debtor in the county, which delivery of the execution to the sheriff had created. See Mercer v. Hooker, 5 Fla. 277, 278; Ryan's Furniture Exchange v. McNair, 120 Fla. 109, 162 So. 483, 487. But while the effectiveness of an execution will continue, during its authorized period of existence, as long as it remains unsatisfied, it does not necessarily follow that a position of priority which a judgment creditor may have obtained through delivery of his execution to the sheriff cannot be lost by withdrawal of the execution *548 from the sheriff while it is unsatisfied. This is so because in order to execute on such a writ, by a levy of execution, it is necessary that the writ be in the hands of the sheriff. Here the executions of the Smith group were not in the possession of the sheriff when the levy was made. Therefore the levy necessarily was upon and with reference to those writs which were in the hands of the sheriff.
We hold also that appeal No. 72-663 by appellants John L. Scott and Elaine Scott is without merit. Treating the redelivery of the Smith group executions to the sheriff of Dade County as fixing the time of priority thereof, the trial court assigned them priority ahead of the subsequently delivered writ of execution of the Scotts. The latter argue that since their writ of execution (although delivered later) was docketed by the sheriff before he docketed the executions redelivered by the Smith group (due to their delay in supplying the docketing fees) the Scotts' execution should have priority over those of the Smith group. We cannot agree. Under the law, priority of writs of execution is established by the order of delivery thereof to the sheriff. Section 30.17(1) Fla. Stat., F.S.A. provides that the sheriff shall keep an execution docket containing a list of all executions. Section 30.231, which provides for sheriff's fees for service of summons, subpoenas and executions requires, through subsection (1)(d)1, that the sheriff shall charge $5.00 for docketing and indexing each writ of execution. However, those statutes relating to docketing of executions do not provide that delivery of an execution to a sheriff shall not create a lien on personal property of the judgment debtor within the county until such time as the sheriff makes a docket entry thereof. The time and order of delivery of executions to the sheriff, rather than the time of docketing the writs, creates the liens on personal property and fixes the priority of liens.
No reversible error having been made to appear the judgment is affirmed.