In re BELIZE AIRWAYS LIMITED, Debtor.

William D. SEIDLE, as Trustee of the estate of Belize Airways Limited, Debtor, Plaintiff,

v.

LITA RECORDS, INC., d/b/a Lita Broadcasting Distributors, Defendant.

Bankruptcy No. 80–00199–BKC–SMW. Adv. No. 82–0063–BKC–SMW–A.

United States Bankruptcy Court, S. D. Florida.

April 23, 1982.

David M. Levine, Miami, Fla., for trustee plaintiff.

Lita Records, Inc., defendant, pro se.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on to be heard before the Court on February 23, 1982, upon Plaintiff's Complaint filed herein to Avoid a Judicial Lien and to Disallow Claim. The Court, having examined the pleadings and the evidence presented, having considered the agreed facts and the arguments of counsel for the Plaintiff and the Defendant appearing *pro se* through its President, and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law.

On January 25, 1982, Plaintiff, William D. Seidle, as Trustee of the estate of Belize Airways Limited, Debtor (hereinafter "BAL") commenced this adversary proceeding under Part VII of the Rules of the Bankruptcy Procedure to avoid judicial liens acquired by the Defendant and purporting to attach the real and personal property of BAL's estate, or to the proceeds thereof, and, pursuant to 11 U.S.C. § 502(d), to disallow Defendant's general

unsecured claim (Claim No. 282) filed against the estate of the Debtor on December 10, 1980 in the amount of $372.05 unless Defendant releases its voidable judicial liens. Plaintiff predicates his claims for relief on the avoidance powers with which he is vested as Trustee by virtue of §§ 544, 547 and 550 of the Bankruptcy Code, 11 U.S.C. §§ 544, 547 and 550.

This Court has jurisdiction of this adversary proceeding under 28 U.S.C. § 1471(b).

The following facts relevant to the Court's determination of the instant controversy were either established by the pleadings or stipulated to by the parties at trial:

1. On February 25, 1980, an involuntary creditor's petition was filed with this Court against BAL under 11 U.S.C. § 303 of the Bankruptcy Code. On March 11, 1980, an Order for Relief was entered under Chapter 11 upon the consent of BAL. On April 27, 1981, an Order for Relief was entered by this Court pursuant to 11 U.S.C. § 1112(b) converting the case to Chapter 7 of the Bankruptcy Code and appointing Plaintiff as Interim Chapter 7 Trustee. Plaintiff subsequently qualified and is presently acting as Trustee of the estate of BAL pursuant to 11 U.S.C. § 702(d).

2. On January 21, 1980, Defendant obtained a judgment against BAL in the aggregate amount of $372.05 in a civil action pending in the County Court for Dade County, Florida under Case No. 79–15076–SP (the "Judgment").

3. On January 23, 1980, an uncertified copy of the Judgment was recorded with the Office of the Clerk of the Circuit and County Court for Dade County, Florida at Official Records Book 10635, Page 1048. A true copy of the Judgment, as recorded, is attached to Plaintiff's complaint in this adversary proceeding as Exhibit "A".

4. On or about April 2, 1980, and subsequent to the filing of the involuntary petition against BAL, Defendant caused a writ of execution on the Judgment to be delivered to the Sheriff of Dade County. The writ of execution was never satisfied.

5. On December 10, 1980, Defendant filed a general unsecured claim against the estate of the Debtor (Claim No. 282) in the amount of $372.05.

The First Claim for Relief of the Complaint seeks a judgment of this Court declaring Defendant's purported judicial liens invalid as against Plaintiff pursuant to 11 U.S.C. § 544(a) and applicable Florida law. Section 544(a) of the Bankruptcy Code provides, in relevant part, as follows:

§ 544. *Trustee as lien creditor and as successor to certain creditors and purchasers.*

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; and

(3) a bona fide purchaser of real property from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists.

Plaintiff's powers as a hypothetical lien creditor under Section 544 of the Code are to be measured by the substantive law of Florida, the situs jurisdiction of the property of BAL. *See* 4 *Collier on Bankruptcy* § 544.02 (15th Ed. 1981). Thus, Section 544 must be read in conjunction with applicable

Florida law to determine whether the Defendant, by recording an uncertified copy of the Judgment on January 23, 1980 and by thereafter delivering a writ of execution on the Judgment to the Sheriff of Dade County on April 2, 1980, acquired judicial liens [1] attaching to the property of BAL which would be invulnerable to attack by Plaintiff.

■ It is the law of the State of Florida that a judgment becomes a lien on the non-exempt real property of the judgment debtor in any county only when a certified copy of the judgment is recorded in the official records or judgment lien record of such county. *Fla.Stat.* § 55.10 (1981); *Smith v. Venus Condominium Association, Inc.*, 352 So.2d 1169 (Fla.1977). However, in Florida, the proper recording of a judgment does not create a lien on the personal property of the judgment debtor. Florida adheres to the common law rule that an execution lien is obtained on the personal property of the debtor, located in a particular county, when the writ of execution is delivered to the sheriff of that county. *Evins v. Gainesville National Bank*, 80 Fla. 84, 85 So. 659, 660 (1920); *Goodyear Tire & Rubber Co. v. Daniell*, 72 Fla. 489, 73 So. 592 (1916); *Love v. Williams*, 4 Fla. 126 (1851); *Smith v. Purdy*, 272 So.2d 545, 547 (Fla. 3d DCA 1973); *Black v. Miller*, 219 So.2d 106, 109 (Fla. 3d DCA 1969). Where successive writs of execution are delivered to the sheriff, each becomes a lien at the time it is delivered to the sheriff. Therefore, for purposes of lien priority among successive executions, the first to be delivered to the sheriff will ordinarily prevail. *See Goodyear Tire & Rubber Co. v. Daniell, supra; Love v. Williams, supra; Flagship State Bank of Jacksonville v. Carantzas*, 352 So.2d 1259 (Fla. 1st DCA 1978), *cert. denied*, 361 So.2d 830 (Fla.1978); *Krauth v. First Continental Dev-Con, Inc.*, 351 So.2d 1106, 1108 (Fla. 4th DCA 1977); *Bank of Hawthorne v. Shepherd*, 330 So.2d 75 (Fla. 1st DCA 1976); *Smith v. Purdy, supra.*

■ The facts of the instant proceeding when measured against the foregoing legal principles establish that Plaintiff must prevail on the First Claim for Relief of his Complaint. First, the copy of the Judgment recorded by the Defendant with the Dade County Clerk on January 23, 1980 was uncertified. Accordingly, the Defendant did not thereby acquire a valid judicial lien attaching to the real property of BAL located in Dade County, Florida. Pursuant to 11 U.S.C. § 544(a)(1) and the above-cited Florida authorities, Plaintiff was vested as of February 25, 1980 with the status of a creditor of BAL with a perfected judicial lien attaching to all real property of BAL. Second, pursuant to 11 U.S.C. § 544(a)(1) and (2) and applicable Florida law, Plaintiff was vested as of February 25, 1980 with the status of a creditor of BAL with a perfected judicial lien and an unsatisfied execution attaching to all personal property of BAL. Since the Defendant failed to deliver its writ of execution to the Dade County Sheriff until April 2, 1980, the Plaintiff must prevail and may avoid Defendant's purported judicial lien attaching to BAL's personal property.

Plaintiff's Second Claim for Relief alleges, in the alternative, that even if Defendant would have acquired a valid judicial lien on January 23, 1980 attaching to BAL's real property in Dade County, by virtue of the recording of the Judgment, such acquisition was a preferential transfer which may be avoided by Plaintiff under 11 U.S.C. § 547. Because the Court finds that Plaintiff is entitled to judgment on the First Claim for Relief of his Complaint, it is unnecessary for the Court to adjudicate this issue. The Court notes, however, that Plaintiff would have prevailed on this theory of recovery as well provided he were able to meet his burden of proof under 11 U.S.C. § 547. *See In re Kelley*, 3 B.R. 651 (Bkrtcy.E.D.Tenn. 1980).

Plaintiff's Third Claim for Relief seeks disallowance of the Defendant's claim filed against the estate of BAL pursuant to 11

---

1. 11 U.S.C. § 101(27) defines "judicial lien" as a lien obtained by judgment, levy, sequestra-tion, or other legal or equitable process or proceeding.

U.S.C. § 502(d). Since the Court has adjudicated the invalidity of Defendant's purported judicial liens against the property of the estate, Plaintiff's Third Claim for Relief is now moot. At trial, Plaintiff's counsel indicated that Defendant's claim was otherwise allowable in full as a general unsecured claim. Accordingly, the judgment to be entered in accordance with these findings will allow Defendant's claim in full as a general unsecured claim.

The Court in its discretion pursuant to Rule 754 of the Rules of Bankruptcy Procedure declines to award costs to Plaintiff. The Court will enter a judgment in accordance with these findings of fact and conclusions of law.