**In re BELIZE AIRWAYS LIMITED, Debtor.**

**William D. SEIDLE, as Trustee of the estate of Belize Airways Limited, Debtor, Plaintiff,**

v.

**Catalina GONZALEZ, Defendant.**

**Bankruptcy No. 80–00199–BKC–SMW. Adv. No. 82–0144–BKC–SMW–A.**

United States Bankruptcy Court, S. D. Florida.

May 25, 1982.

David M. Levine, Miami, Fla., for plaintiff.

Catalina Gonzalez, defendant, pro. se.

---

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came before the Court on the Plaintiff's Complaint to Avoid a Judicial Lien and Motion for Entry of Default Judgment pursuant to Bankruptcy Rule 755. The Court having examined the pleadings and the evidence presented, having considered the agreed facts and the arguments and representations of counsel for the Plaintiff and the Defendant appearing *pro se*, and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law.

On February 23, 1982, Plaintiff, William D. Seidle, as Trustee of the estate of Belize Airways Limited, Debtor (hereinafter "BAL") commenced this adversary proceeding under Part VII of the Rules of the Bankruptcy Procedure to avoid judicial liens acquired by the Defendant and purporting to attach the real and personal property of BAL's estate, or to the proceeds thereof, and to award Plaintiff the costs and disbursements of this proceeding. Plaintiff predicates his claims for relief on the avoidance powers with which he is vested as Trustee by virtue of §§ 544, 549 and 550 of the Bankruptcy Code, 11 U.S.C. §§ 544, 549 and 550.

This Court has jurisdiction of this adversary proceeding under 28 U.S.C. § 1471(b).

The following facts relevant to the Court's determination of the instant controversy were either established by the Complaint or stipulated to by the parties at trial:

1. On February 25, 1980, an involuntary creditor's petition was filed with this Court against BAL under 11 U.S.C. § 303 of the Bankruptcy Code. On March 11, 1980, an Order for Relief was entered under Chapter 11 upon the consent of BAL. On April 27, 1981, an Order for Relief was entered by this Court pursuant to 11 U.S.C. § 1112(b) converting the case to Chapter 7 of the Bankruptcy Code and appointing Plaintiff as Interim Chapter 7 Trustee. Plaintiff subsequently qualified and is presently acting as Trustee of the estate of BAL pursuant to 11 U.S.C. § 702(d).

2. On March 25, 1980, Defendant obtained a judgment against BAL in the aggregate amount of $259.28 in a civil action pending in the County Court for Dade County, Florida under Case No. 80–1848–SP–05 (the "Judgment").

3. On March 28, 1980, an uncertified copy of the Judgment was recorded with the Office of the Clerk of the Circuit and County Court for Dade County, Florida at Official Records Book 10701, Page 1474. A true copy of the Judgment, as recorded, is attached to Plaintiff's complaint in this adversary proceeding as Exhibit "A".

4. The Summons and Notice of Trial and the Complaint in this proceeding were duly and timely served by Plaintiff on the Defendant in accordance with Bankruptcy Rule 704. Despite such service, Defendant

failed to timely answer or move against the Complaint. Accordingly, Plaintiff moved the Court for the entry of default judgment pursuant to Bankruptcy Rule 755.

5. Defendant appeared *pro se* at the trial of this proceeding and admitted the material allegations of the Complaint.

6. At trial, Defendant apprised the Court that she had previously appeared before the Court on October 15, 1981 as a named defendant at the trial of an adversary proceeding commenced by Plaintiff to sell personal property of the estate free and clear of claims and liens, including the purported judicial liens of the Defendant (Adv. No. 81–0475–BKC–SMW–A). At that trial, the Defendant advised the Court and counsel for the Plaintiff herein of her claim against the estate of BAL in the amount of $232.28 for unpaid wages for services which she had performed as an employee of BAL prior to the commencement of the case on February 25, 1980.[1] However, a review of the claims' docket of this case reveals that Defendant did not file a formal proof of claim with the Court on or before December 8, 1981, the bar date for the filing of such claims, as required by Bankruptcy Rules 301 and 302. Defendant acknowledges that she failed to file a formal proof of claim prior to the bar date but asserts that she had apprised the Court and counsel for the Plaintiff of the existence of such claim at the October 15, 1981 trial. This assertion is not disputed by Plaintiff's counsel. Defendant further asserts that at the conclusion of the October 15 trial she had simultaneously prepared, executed and delivered a formal proof of claim for her unpaid wages to Wilfredo Fleites, a former employee of BAL who has rendered services to the Plaintiff throughout the course of this case.

7. On March 30, 1982, Defendant filed with the Court a formal proof of claim in the amount of $232.28 which asserts priority status to the extent permitted by 11 U.S.C. § 507(a)(3). According to the Defendant, this claim was identical to the claim which she delivered to Mr. Fleites.

Defendant seeks to have the Court deem the March 30, 1982 claim as a timely filed claim.

 By virtue of Defendant's appearance *pro se* at the trial of this proceeding and the surrounding circumstances, the Court vacates the Defendant's default in failing to timely answer or move against the Complaint, and, accordingly, denies Plaintiff's motion for entry of default judgment.

The First Claim for Relief of the Complaint seeks a judgment of this Court declaring Defendant's purported judicial liens invalid as against Plaintiff pursuant to 11 U.S.C. § 544(a) and applicable Florida law. Section 544(a) of the Bankruptcy Code provides, in relevant part, as follows:

§ 544. *Trustee as lien creditor and as successor to certain creditors and purchasers.*

(a) The Trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; and

(3) a bona fide purchaser of real property from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists.

---

1. Defendant's claim is identical to the indebtedness underlying her Judgment against BAL, the difference in amount reflecting court costs included in the Judgment.

Plaintiff's powers as a hypothetical lien creditor under Section 544 of the Code are to be measured by the substantive law of Florida, the situs jurisdiction of the property of BAL. *See* 4 *Collier on Bankruptcy* § 544.02 (15th Ed. 1981). Thus, Section 544 must be read in conjunction with applicable Florida law to determine whether the Defendant acquired judicial liens[2] attaching to the property of BAL which would be invulnerable to attack by Plaintiff.

■ It is the law of the State of Florida that a judgment becomes a lien on the non-exempt real property of the judgment debtor in any county only when a certified copy of the judgment is recorded in the official records or judgment lien record of such county. *Fla.Stat.* § 55.10 (1981); *Smith v. Venus Condominium Association, Inc.,* 352 So.2d 1169 (Fla.1977). However, in Florida, the proper recording of a judgment does not create a lien on the personal property of the judgment debtor. Florida adheres to the common law rule that an execution lien is obtained on the personal property of the debtor, located in a particular county, when the writ of execution is delivered to the sheriff of that county. *Evins v. Gainesville National Bank,* 80 Fla. 84, 85 So. 659, 660 (1920); *Goodyear Tire & Rubber Co. v. Daniell,* 72 Fla. 489, 73 So. 592 (1916); *Love v. Williams,* 4 Fla. 126 (1851); *Smith v. Purdy,* 272 So.2d 545, 547 (Fla. 3d DCA 1973); *Black v. Miller,* 219 So.2d 106, 109 (Fla. 3d DCA 1969).

■ The facts of the instant proceeding when measured against the foregoing legal principles establish that Plaintiff must prevail on the First Claim for Relief of his Complaint. First, the copy of the Judgment recorded by the Defendant with the Dade County Clerk on March 25, 1980 was uncertified. Accordingly, the Defendant did not thereby acquire a valid judicial lien attaching to the real property of BAL located in Dade County, Florida. Pursuant to 11 U.S.C. § 544(a)(1) and the above-cited Florida authorities, Plaintiff was vested as of February 25, 1980 with the status of a

creditor of BAL with a perfected judicial lien attaching to all real property of BAL. Second, pursuant to 11 U.S.C. § 544(a)(1) and (2) and applicable Florida law, Plaintiff was vested as of February 25, 1980 with the status of a creditor of BAL with a perfected judicial lien and an unsatisfied execution attaching to all personal property of BAL. Since the Defendant failed to deliver a writ of execution on the Judgment to the Dade County Sheriff, the Plaintiff must prevail and may avoid Defendant's purported judicial lien attaching to BAL's personal property.

Plaintiff's Second Claim for Relief alleges, in the alternative, that even if Defendant would have acquired a valid judicial lien on March 28, 1980 attaching to BAL's real property in Dade County, by virtue of the recording of the Judgment, such acquisition was an invalid post-petition transfer which may be avoided by Plaintiff under 11 U.S.C. §§ 549 and 550. Because the Court finds that Plaintiff is entitled to judgment on the First Claim for Relief of his Complaint, it is unnecessary for the Court to adjudicate this issue. The Court notes, however, that Plaintiff would have prevailed on this theory as well in view of the admitted facts.

■ The Court further holds that the proof of claim filed by the Defendant on March 30, 1982 shall be deemed a timely filed claim. The Defendant's assertion that she delivered a properly executed formal proof of claim to Mr. Fleites, as the Plaintiff/Trustee's agent, on or about October 15, 1981, and that such claim was identical in all respects to the March 30 proof of claim, was not controverted by the Plaintiff. On this basis, the March 30 claim may be deemed as having been timely filed on or about October 15, 1981. *See* Bankruptcy Rules 302(b) and 509(c). However, the Court finds an independent basis under Bankruptcy Rule 302(e)(3) for deeming the March 30 proof of claim as a timely filed claim. Plaintiff's right to object to the allowance of Defendant's claim on any

---

**2.** 11 U.S.C. § 101(27) defines "judicial lien" as a lien obtained by judgment, levy, sequestra-tion, or other legal or equitable process or pro-ceeding.

ground other than its untimely filing is hereby preserved.

The Court in its discretion pursuant to Bankruptcy Rule 754 declines to award costs to Plaintiff. The Court will enter a judgment in accordance with these findings of fact and conclusions of law.