**In re Robert & Rita KOLANY, Debtors.**

**Bankruptcy No. 83–02108–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

May 8, 1985.

Irving Gennet, Boca Raton, Fla., Trustee.

Paul R. Manning, Hollywood, Fla., for Western Diocese Sun Bank of Palm Beach.

## ORDER ON CLAIMS

THOMAS C. BRITTON, Bankruptcy Judge.

The trustee's objections to claims (C.P. No. 12) were heard on April 30.

Claim No. 2 (Sun Bank) is denied without prejudice to this creditor pursuing its collateral, an automobile set apart as exempt, in the hands of the debtors.

Claim No. 6 (Western Diocese) in the amount of $4,146 is filed as a secured claim and seeks interest. The claim is based upon a State court judgment against the debtor/husband entered January 17, 1983 in Palm Beach County in the amount of the claim.

■ The only assets in this estate are personal property. The entry and recordation of a judgment in Florida creates no lien against personal property, unless a writ of execution is placed in the hands of the Sheriff. *Smith v. Purdy*, 272 So.2d 545, 547 (Fla.Dist.Ct.App.1973); *Seidle v. Gonzalez (In re Belize Airways Ltd.)*, 20 B.R. 817, 820 (Bankr.S.D.Fla.1982). The *priority* of that lien is fixed at the moment the Sheriff executes the writ by taking possession of the personal property. *Love v. Williams*, 4 Fla. 126 (Fla.1851); 32 Fla. Jur.2d, Judgments and Decrees, § 199, n. 51.

■ It is the priority of a lien which is of critical importance in this court, because the trustee acquires the rights of a perfect lien creditor as of the moment the bankruptcy case is commenced. 11 U.S.C. § 544(a). In this case, that occurred on November 18, 1983. It is this creditor's burden to show that it delivered a writ of execution to the Sheriff *and that* the Sheriff executed that writ by seizing the personal property included in the present assets of this estate. This creditor has failed to do so. For that reason, the claim of secured status is denied. The claim is, however, allowed in full as a general, unsecured claim.

This judgment bears interest at the rate specified by the Florida statute from the date of its entry to the date of bankruptcy. 11 U.S.C. § 726(a); *Fla.Stat.* § 55.03(1) (1983). The amount becomes insignificant in this case, because the assets of the estate do not equal the principal amount of the judgment.