501 So.2d 659 (1987)
Raymond STEINBRECHER, D/B/a Sensational Displays, Appellant,
v.
Jim CANNON, D/B/a Schooners, Appellee.
No. BF-274.
District Court of Appeal of Florida, First District.
January 13, 1987.
Rehearing Denied February 17, 1987.
Jeffrey C. Bassett and Lisa K. deBrauwere of Barron, Redding, Hughes, Fite, Bassett & Fensom, P.A., Panama City, for appellant.
Carroll L. McCauley and Alvin L. Peters of Carroll L. McCauley, P.A., Panama City, for appellee.
SMITH, Judge.
Appellant seeks reversal of the trial court's order determining appellee's entitlement to claim homestead exemption on the property levied upon by appellant. We affirm.
On December 10, 1984, the Bay County Circuit Court entered a money judgment against appellee, Jim Cannon, d/b/a Schooners. The Clerk of the Circuit Court recorded the judgment in the official *660 records of the county. Appellant, Raymond Steinbrecher, d/b/a Sensational Displays, did not record a certified copy of the final judgment in the county's official records, however. On December 27, 1984, appellant instructed the sheriff to levy upon certain real property of appellee to satisfy the money judgment. On December 31, 1984, the sheriff complied with appellant's instructions.
Following the sheriff's levy and attachment, appellee claimed homestead exemption, to which appellant objected. After a hearing on the matter, the trial court entered its order determining appellee's entitlement to claim homestead status on the disputed property.
Appellant contends that he levied upon appellee's property before he became eligible to claim homestead exemption, whereas appellee contends, correctly, we think, that the writ of execution and levy was ineffective to establish a lien, and during the interim he qualified for homestead status on the disputed property by virtue of an amendment to Article 10, Section 4, Florida Constitution, effective January 8, 1985, extending the protection from forced sales to the homestead of "natural persons."
The first issue is whether recordation of a certified copy of the final judgment is a prerequisite to obtaining a lien on real property. This issue is controlled by Smith v. Venus Condominium Association, Inc., 352 So.2d 1169 (Fla. 1977), quashing 343 So.2d 1284 (Fla. 1st DCA 1976). The dispositive facts in that case are indistinguishable from those here. In Smith v. Venus Condominium Association, Inc., Venus obtained a deficiency judgment against the Foleys in the circuit court of Okaloosa County. The judgment was recorded in the county's official records (presumably by the Clerk of the Circuit Court). Venus did not record a certified copy of the judgment in the county's official records, however. The Foleys sold certain real property to Smith and others. Following this sale, Venus delivered a writ of execution to the Sheriff of Okaloosa County directing the sheriff to sell the properties to satisfy the deficiency judgment. The trial court denied Smith's motion to stay the sale, which action was affirmed by the First District Court of Appeal. The Florida Supreme Court quashed the appellate decision, holding that since Venus never recorded a certified copy of the judgment in the official records of the county where the property was located, the judgment lien statute [section 55.10, Florida Statutes (1976)] had not been complied with, and the recordation of the original judgment alone did not create a valid judgment lien. 352 So.2d at 1171-72. In the instant case, appellant did not record a certified copy of the judgment in the official records of Bay County prior to the issuance of a writ of execution.
In Florida, as the foregoing discussion indicates, a judgment becomes a lien on the non-exempt real property of the debtor when a certified copy of the judgment is recorded in the official records of the county where the debtor owns real property. Consequently, the prior acts of delivering a writ of execution to and levy by the sheriff do not create a lien on real property. Although Rule 1.550, Florida Rules of Civil Procedure, specifies that no execution or other final process shall issue "until the judgment on which it is based has been recorded," we find nothing to support appellant's contention that the rule purports to govern the method of acquisition of a lien on real property in contradiction to the plain wording of the statute, section 55.10 (Florida Statutes). Appellant's reliance on Black v. Miller, 219 So.2d 106 (Fla. 3d DCA 1969) is misplaced, since the court in that case was not confronted with the issue of nonrecordation as is the case here.
By contrast, we note that the proper recording of a judgment does not create a lien on the personal property of a debtor. Rather the lien attaches to leviable personal property when the writ of execution is delivered to the sheriff in the county where the personal property is located. Evins v. Gainesville National Bank, 80 Fla. 84, 85 So. 659, 660 (1920); Goodyear Tire & Rubber *661 Co. v. Daniell, 72 Fla. 489, 73 So. 592 (1916); Love v. Williams, 4 Fla. 126 (1851); Accent Realty of Jacksonville, Inc. v. Crudele, 496 So.2d 158 (Fla. 3rd DCA 1986) Smith v. Purdy, 272 So.2d 545, 547 (Fla. 3rd DCA 1973); Black v. Miller, 219 So.2d 106, 109 (Fla. 3rd DCA 1969).
In light of our resolution of the first issue, and since appellant concedes that appellee became eligible for homestead exemption on January 8, 1985 and that no certified copy of the final judgment was recorded prior to that date, the trial court's order determining appellee's entitlement to claim homestead exemption on the disputed property is affirmed.
WENTWORTH and BARFIELD, JJ., concur.