**In re Dennis J. and Janice E. MIELE, Debtors.**

**Bankruptcy No. 91–33153.**

United States Bankruptcy Court, D. New Jersey.

April 29, 1992.

Barry W. Frost, Teich, Groh and Frost, Trenton, N.J., for NCNB Nat. Bank of Florida, movant.

Elliot H. Berton, Lavin, Coleman, Finarelli & Gray, Mt. Laurel, N.J., for debtors.

MEMORANDUM OPINION

STEPHEN A. STRIPP, Bankruptcy Judge.

This is the court's decision on a motion by NCNB National Bank of Florida [hereinafter "NCNB"] to vacate the automatic stay in the above case pursuant to section 362(d) of title 11, United States Code [hereinafter "Bankruptcy Code" or "Code"]. The debtors oppose the motion. The property which is the subject of this motion consists of certain furs and jewelry. This court has jurisdiction under 28 U.S.C. §§ 1334(b) and 151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K) and (O). For the reasons which follow, the motion is granted.

The material facts are undisputed for purposes of this motion. On June 3, 1991 the debtors filed a petition for reorganization under chapter 11 of the Bankruptcy Code, and they remain debtors in possession. On February 5, 1991, NCNB obtained a judgment against the debtors in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida in the amount of $94,298.19. On February 19, 1991 a writ of execution was issued by the Clerk of the Circuit Court in and for Pinellas County, Florida. The writ was docketed with the Palm Beach County, Florida Sheriff's Office on March 4, 1991. The writ commanded the sheriff to levy on property of the debtors which is subject to execution. There is no dispute that at that time the debtors owned furs and jewelry which were subject to execution in that county.

The debtors make two arguments in their brief in opposition to the motion. Their first argument is that they are entitled to avoid NCNB's lien under Code section 522(f)(1) to the extent that it impairs their exemptions. Although they argued that Florida law governs their exemptions, they essentially conceded at oral argument that this was not an important issue, because the exemption which they claim un-

der Florida law would be in a maximum amount of $1,000, and the personal property in question has a value substantially greater than that (although no suggested values were provided by either party). For these reasons, the claim of exemption is not sufficient to deny the motion to vacate the automatic stay. Such rights as the debtors may have under Code section 522(f) are preserved notwithstanding the granting of the motion, as is this court's jurisdiction over that question.

The primary argument which the debtors raise in opposition to the motion is that NCNB had not perfected its lien on the subject property when the bankruptcy petition was filed, and that the lien can therefore be avoided under Code section 544(a). That section, which is known as the "strong arm clause," enables a trustee, or debtor in possession under Code section 1107(a), to exercise the rights of a hypothetical levying judgment creditor as of the petition date, whether or not such a creditor exists. Although federal law determines the treatment of property interests in bankruptcy cases, the federal courts must generally look to state law to determine the nature and extent of such interests. *Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

In this case, Florida law determines whether NCNB's lien was perfected prior to the bankruptcy petition, and therefore valid as against the debtors in possession exercising the avoiding powers of Code section 544(a) on behalf of their bankruptcy estate. Under Florida law, a judgment becomes a lien upon a debtor's personal property within a county upon the delivery of a writ of execution to the sheriff of that county. *Smith v. Purdy,* 272 So.2d 545, 547 (Fla. 3d DCA 1973); *In re Belize Air, Ltd.,* 20 B.R. 817 (Bankr. S.D.Fla.1982). Moreover, delivery of the writ to the sheriff also perfects a judgment lien on personal property under Florida law.[1] *In re Realsite, Inc.,* 256 F.Supp. 322 (S.D.Fla.1966).

The debtors rely on *In re Kolany,* 49 B.R. 781 (Bankr.S.D.Fla.1985) for the argument that perfection of a lien upon personal property in Florida requires seizure of the property. *Kolany,* however, did not address *Realsite* or the Florida authorities on which it relied. *See also Accent Realty of Jacksonville, Inc. v. Crudele,* 496 So.2d 158 (Fla. 3d DCA 1986) (Pearson, J., concurring) and Florida Attorney General Opinion 060–135 dated August 12, 1960, which is annexed hereto as Exhibit A. Moreover, in *Matter of Armando Gerstel, Inc.,* 65 B.R. 602 (S.D.Fla.1986), it was held that to take priority over a bankruptcy trustee's rights under Code section 544 in personal property of a debtor, a judgment creditor in Florida must deliver a writ to the sheriff. The case does not state that levy is also required. Based on these authorities, this court concludes that *Kolany* was incorrectly decided and that under Florida law, a lien upon personal property is both created and perfected by delivery of the writ of execution to the appropriate sheriff. Since it is not disputed that the writ was delivered to the sheriff before the petition was filed and that the personal property in question was subject to the writ, the debtors cannot avoid NCNB's lien under Code section 544(a).[2]

NCNB did not meet its burden under Code section 362(g)(1) of proving lack of equity in the property in question, because it offered no evidence as to the value of the property; hence, it cannot obtain relief under Code section 362(d)(2). It did, however, establish prima facie cause under 362(d)(1), *see In re Morysville Body Works, Inc.,* 86 B.R. 51 (Bankr.E.D.Pa.1988), and the debtors have not met their burden under Code section 362(g)(2) of proving adequate protection of NCNB's interest in the property. The motion is therefore granted.

1. This is in contrast to New Jersey law, under which a levy is required to both create and perfect a judicial lien on personal property. *Matter of Blease,* 605 F.2d 97, 98 n. 2 (3d Cir. 1979).

2. Because the writ was delivered more than ninety days before the petition was filed, the lien cannot be avoided as a preference under Code section 547.

NCNB may apply for appropriate relief regarding the items which the debtors allegedly have disposed of after the lien was perfected. If NCNB sells any of the subject property, it shall hold in escrow from the proceeds an amount equal to the debtors' claimed exemption until such exemption is determined by this court or resolved by consent of the parties.

NCNB is to submit an order under the five-day rule.

EXHIBIT A

660      BIENNIAL REPORT OF THE ATTORNEY GENERAL

wise payable under the rule discussed in question 1.

060–135—August 12, 1960

LIENS

WRITS OF ATTACHMENT—PRIOR WRIT OF EXECUTION

*To: Ross E. Boyer, Sheriff, Sarasota County, Sarasota*

QUESTION:

> When "A" dockets a writ of execution with the sheriff and the writ describes no property upon which the sheriff should levy, nor is any levy made by the sheriff, does a subsequent writ of attachment issued to "B" in which "B" describes specific personal property, and which property is levied upon by the sheriff, have priority over "A"'s writ of execution for the proceeds of the sale?

An attachment creates a lien on the attached property whether personality or realty (Pleasant Valley Farms and Morey Condensery Co. v. Carl, 90 Fla. 420, 106 So. 427). However, an attachment lien does not become effective by issuance of the writ. It operates as a lien only from the time of the levy of the writ (McClellan v. Solomon, 28 Fla. 487, 2 So. 825).

An execution issued on a judgment is a lien upon the personal property of the defendant in execution *from the time such writ is delivered to the sheriff* (Love v. Williams, 4 Fla. 126; Evins v. Gainesville Nat. Bank, 85 So. 659).

Priority between attachment liens and other claims on the same property is generally covered by considerations as to priority in time. The right first acquired, as a rule, is superior (Zinn v. Dzialynski, 14 Fla. 187, Re: Fuller, 99 Fla. 1164, 128 So. 483).

In the instant case, the writ of execution issued upon the judgment became a lien from the time such writ was delivered to the sheriff, regardless of whether a levy was made under such writ and such lien is superior in time to the lien created by the levy under the writ of attachment.