INTERSTATE FUNDING CORP., a Florida corporation, Plaintiff,

v.

DIRECT LINK CABLE, INC. a Florida corporation, Burnup & Sims Telcom, Inc., and Todd M. Grabko, individually, Defendants.

DANELLA CONSTRUCTION CORPORATION OF FLORIDA, INC., Garnishee/Counterclaimant,

v.

INTERSTATE FUNDING CORP., a Florida corporation and Commissioner of Internal Revenue Service, Counterdefendants.

No. 92–1146–CIV.

United States District Court, S.D. Florida.

May 11, 1993.

Scott Hecker, P.A., Ft. Lauderdale, FL, for Interstate Funding Corp.

David N. Geier, U.S. Dept. of Justice, Washington, DC, for Internal Revenue.

**ORDER AND MEMORANDUM OPINION**

GRAHAM, District Judge.

**THIS CAUSE** came before the Court upon Plaintiff/Counterdefendant Interstate Funding Corporation's ("IFC") and Counterdefendant Internal Revenue Service's ("IRS") Motions for Summary Judgment, (D.E. 6, D.E. 13). For the reasons stated in the memoran-

dum opinion below, the motion for summary judgment is granted in favor of IRS.

## I. BACKGROUND

On December 20, 1991, IFC obtained a Final Default Judgment in the amount of $14,554.86 against Direct Link Cable, Inc. and Todd M. Grabko in the County Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida. On December 27, 1991, IRS filed a Notice of Federal Tax Lien against Direct Link Cable, Inc. in the amount of $36,868.59 in the public records for Broward County, Florida. On that same day, IFC recorded its default judgment against Direct Link Cable, Inc. in the public records for Broward County, Florida. Approximately one month later, IRS filed an additional Notice of Federal Tax Lien against Direct Link Cable in the amount of $67,952.55 in the public records for Palm Beach County on March 24, 1992.

On February 18, 1992, IFC obtained a Writ of Garnishment for $14,554.86 against Danella Construction Corporation of Florida ("DCC").[1] On February 27, 1992, the Writ of Garnishment was delivered to the Sheriff for service, and was served upon Direct Link Cable, Inc. on March 2, 1992.

On April 27, 1992, DCC filed an interpleader action based upon the competing IRS and IFC claims for the money it owed to Direct Link Cable, Inc. On May 19, 1992, IRS removed the interpleader action to this Court. IRS and IFC both have filed motions for summary judgment with each party arguing they have priority over the other as to the $10,965.23 owed to Direct Link Cable, Inc.

## II. DISCUSSION

### A. Summary Judgment Standard

A district court must grant summary judgment if it appears through pleadings, depositions, admissions, and affidavits, considered in the light most favorable to the opposing party, that there is "no genuine issue as to

any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273 (1986); *Real Estate Financing v. Resolution Trust Corporation,* 950 F.2d 1540, 1542 (11th Cir.1992); *McGahee v. Northern Propane Gas Co.,* 858 F.2d 1487, 1493 (11th Cir.1988); *Cubbage v. Averett,* 626 F.2d 1307, 1308 (5th Cir.1980).

### B. Analysis

■ State law governs to what extent a person has property rights to which a federal tax lien may attach. *Tompkins v. United States,* 946 F.2d 817 (11th Cir.1991). However, federal law governs the priority of a tax lien against other claims to property. *Id.* at 820; *Atlantic States Const. v. Hand, Arendall, et al.,* 892 F.2d 1530 (11th Cir.1990). A federal tax lien attaches to "all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321.

■ Priority among a federal tax lien and other lien holders is determined by section 6323 of the Internal Revenue Code ("I.R.C."). Section 6323(a) states that a federal tax lien "shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or *judgment lien creditor*" until proper notice is filed. If proper notice is filed, then the resolution of the conflicting claims is controlled by the traditional "first in time, first in right" principle. *Urban Indus., Inc. v. Thevis,* 670 F.2d 981, 984 (11th Cir. 1982).

■ IFC argues that since it recorded its default judgment six (6) hours before IRS filed its Notice of Tax Lien, it has priority over the federal tax lien. However, IFC has failed to properly perfect its judgment. Treasury Regulations § 301.6323(h)–1 states that:

> A *judgment lien creditor* is a person who has perfected a lien under the judgment on the property involved.... If under local

---

1. At the time IFC obtained its Writ of Garnishment, DCC owed Direct Link Cable, Inc. $8,969.95. Pursuant to this Court's Order, DCC deposited $8,969.95 into the registry of the Court. DCC is also holding $1,995.28 as retainage against worked performed by Direct Link Cable, Inc.

law levy or seizure is necessary before a judgment lien becomes effective against third parties acquiring liens on personal property, then a judgment lien under local law is not perfected until a levy or seizure of the personal property involved. (Emphasis supplied).

In the state of Florida, the proper recording of a judgment does not create a lien on the personal property of the judgment debtor. *In re Belize Airways, Ltd.*, 20 B.R. 817 (S.D.Fla.1983). Florida adheres to the common law rule that a lien is obtained on the personal property of a debtor only when a writ of execution is delivered to the sheriff of the county in which the property is located. *Goodyear Tire & Rubber Co. v. Daniell*, 72 Fla. 489, 73 So. 592 (1916); *Black v. Miller*, 219 So.2d 106 (Fla. 3rd DCA 1969); *In re Belize Airways, Ltd.*, 20 B.R. 817 (S.D.Fla. 1983). Therefore, until a judgment creditor delivers a writ of execution, the judgment creditor has not perfected its lien.

In the instant case, IRS's Notice of Federal Tax Lien in the amount of $36,868.59 was filed on December 27, 1991. Although IFC properly recorded its judgment before IRS's Notice of Federal Tax Lien, it did not perfect its judgment by obtaining a writ of garnishment or writ of execution until after December 27, 1991. Consequently, IRS's tax lien has priority over IFC's judgment.

### III. CONCLUSION

Based on the foregoing discussion, it is ORDERED AND ADJUDGED that the Internal Revenue Service's motion for summary judgment is GRANTED. Accordingly, the interpled funds totalling $10,965.23 shall be turned over to the United States in partial satisfaction of federal tax liens against Direct Link Cable, Inc.

**DONE AND ORDERED.**