352 So.2d 1169 (1977)
Richard P. SMITH et ux., et al., Petitioners,
v.
VENUS CONDOMINIUM ASSOCIATION, INC., Respondent.
MEADOWS DEVELOPMENT COMPANY, Petitioner,
v.
George IHLE, Respondent.
Nos. 51516, 51529.
Supreme Court of Florida.
October 31, 1977.
Rehearing Denied January 9, 1978.
*1170 Michael William Mead, of Middleton & Mead, Fort Walton Beach, for petitioners Richard P. Smith, et ux., et al.
Robert T. Hyde, Jr., of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, and George N. Jahn, of Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, for petitioner Meadows Development Co.
Mark E. Walker, Fort Walton Beach, for respondent Venus Condominium Ass'n, Inc.
Albert Millar, Jr., Jacksonville, for respondent George Ihle.
William S. Belcher, St. Petersburg, and Russell Troutman, Winter Park, for The Florida Bar, as amicus curiae.
Fletcher G. Rush, of Rush, Marshall, Bergstrom & Robison, Orlando, for Lawyers' Title Guaranty Fund, as amicus curiae.
George N. Jahn, of Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, and Robert T. Hyde, Jr., of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for The Florida Land Title Ass'n, as amicus curiae.
HATCHETT, Justice.
These consolidated cases have been certified to us by the District Court as involving questions of great public interest. The District Court of Appeal in Meadows Development Co. v. Ihle, 345 So.2d 769 (Fla. 1st DCA 1977), held that the filing and recording in the county's official records of either the original final judgment, or a certified copy of that judgment, was sufficient under Section 55.10, Florida Statutes (1969), to create a judgment lien on land owned by the judgment debtor in the forum county. In Smith v. Venus Condominium Ass'n, Inc., 343 So.2d 1284 (Fla. 1st DCA 1977), the District Court held that this same statute as amended in Section 55.10, Florida Statutes (1975), still permits a judgment lien to be created by the recordation in the county's official records of either the original judgment or a certified copy of that judgment. These decisions conflict with the decision in Dade Federal Savings and Loan Ass'n v. Miami Title and Abstract Division, 217 So.2d 873 (Fla. 3rd DCA 1969), which held that under Section 55.10 as amended in 1967, a judgment lien against property was created only after a certified copy of the final judgment was recorded in the county's official records. We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution. We approve of the reasoning in Meadows Development Co., supra, and affirm that decision. Since the holding in Dade Federal is to the contrary, that decision is overruled. However, we further determine that Section 55.10, Florida Statutes (1975), as presently written requires the recordation of a certified copy of the final judgment in the county's official records before a valid judgment lien can be created. Therefore, we quash the decision below in Venus Condominium.
At common law, except for debts due the King, the lands of a debtor were not liable to the satisfaction of a judgment lien against him, and consequently, a judgment did not operate as a lien on the real estate of the debtor. Judgment liens on land are statutory liens and their existence depends upon the legal effect of the statute *1171 by which they are created. See Protective Holding Corp. v. Cornwall Co., 127 Fla. 252, 173 So. 804, 812 (1937). From 1939 to 1967 Section 55.10 provided that:
No judgment or decree hereafter rendered by the Circuit Courts or any other courts of this state shall be or become a lien on real estate until a certified transcript of said judgment or decree is recorded in the judgment lien record as provided by § 28.21 subsection (11) of these statutes. Upon being so recorded said judgment or decree shall become a lien on the real estate of the defendant only in the county where the same is recorded in the manner provided by said § 28.21. Section 55.10, Fla. Stat. (1965). (emphasis added)
As the result of amendment in 1967, Section 55.10, Florida Statutes, (1967) and (1969) provided:
Judgments and decrees become a lien on real estate in the county where rendered when the judgment of decree is recorded in the proper record of such county and in other counties when a certified copy thereof is recorded in the proper record of other counties.
This 1967 amendment created confusion in the law, and precipitated the conflict among appellate decisions in this state which we now resolve. The great concern that was generated over this issue resulted from speculation among the bench and the bar as to the possible effects that this 1967 amendment might have on Florida land titles. If the statutory amendment placed state judgments in a more advantageous position than federal judgments, then this disparity in treatment of federal judgments would forfeit the benefits of the Federal Conformity Act, 28 U.S.C., Section 1962, regulating the liens of federal judgments. If the federal courts interpreted the Florida judgment lien statute as permitting Florida circuit court judgments to become liens on Florida real estate more readily than the judgments of federal district courts rendered in Florida, the liens of federal court judgments rendered in Florida would extend upon rendition throughout the federal district, regardless of county lines and regardless of county recordation of any kind. Because of the adverse effect such a situation might create with regard to land title searches in this state, the District Court of Appeal in Dade Federal construed Section 55.10, Florida Statutes (1967), in a manner contrary to the plain language of that statute, so as to prevent loss of benefits in the Federal Conformity Act. A thorough analysis of the erroneous decision by the District Court in Dade Federal is set forth at great length in the Meadows case, and therefore does not need repetition here.
In 1972, the judgment lien statute was again amended so as to require that a "certified copy" of a judgment be recorded even in the county where rendered, before a lien can be created. From the history of this legislation, as set forth in Meadows, it appears that the present judgment lien statute requires that a certified copy of the judgment, whether rendered in the state or federal courts, be recorded in the official records of the county in which the land is located, before a judgment lien on that property is created. Although the slight inequality of treatment between federal and state judgments, under the 1967 amendment to this statute, might not have been of sufficient impact to precipitate the loss of benefits under the Federal Conformity Act, the Legislature apparently wished to remove all doubt as to such a danger, by requiring the identical procedure for the recordation of certified copies of judgments, whether rendered in state or federal courts, even though this procedure might require some duplication if the state judgment was rendered in the same county in which the debtors property is located.
We hold that respondent Ihle complied fully with Section 55.10 as it was amended and existed in 1970, by recording the judgment in the official records of the county in which the debtor's property was located, and thus affirm the decision upholding the validity of his judgment lien. However, since respondent Venus Condominium Association never recorded a certified copy of the judgment in the official *1172 records of the county in which its debtor's land was located, there was no compliance with the judgment lien statute as it existed in 1976, and the recordation of the original judgment alone was ineffectual to create a valid judgment lien. Therefore, we quash the decision of the District Court in Venus Condominium and remand the cause for further proceedings not inconsistent with this opinion.
It is so ordered.
ADKINS, Acting C.J., and BOYD, SUNDBERG and KARL, JJ., concur.