In the Matter of FLORIDA DAIRY, INC., Debtor.

FLORIDA DAIRY, INC., Plaintiff,

v.

CRYSTAL CLEAR SALES, INC.; H. B. Adams Refrigeration, Inc.; Consolidated Foods Corp., an Illinois corporation d/b/a Peck's Products Company; Sewell Plasters, Inc.; Burroughs Corporation; Westinghouse Electric Corp.; Borden, Inc.; Scholle Corporation; H. P. Hood & Sons, Inc.; Tire Supermarket, Inc.; Orange Products, Inc.; Diamond Shamrock Corp.; Kraft Dairy Group, a division of Kraft, Inc.; and Broughton Foods Company, Defendants.

Bankruptcy No. 80–1111.
Adv. No. 81–48.

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

July 13, 1982.

John H. Skinner, Jacksonville, Fla., for Scholle.

Elizabeth S. Tonkin, Tampa, Fla., for Crystal Clear.

Charles F. Mixon, Tampa, Fla., for Borden, Inc.

Thomas H. Rydberg, Temple Terrace, Fla., for J. F. Daley.

Albert I. Gordon, Tampa, Fla., for Florida Dairy.

## FINDINGS OF FACT, CONCLUSIONS OF LAW MEMORANDUM OPINION AND FINAL JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS an adversary proceeding and the matter under consideration is a Complaint to Avoid Liens filed by Florida Dairy, Inc., the Debtor in the above-captioned Chapter 11 reorganization proceeding. The Debtor seeks to avoid liens which the various defendants claim or may claim by virtue of final judgments obtained by them against the Debtor and recorded in the Official Records of the Public Records of Hillsborough County, Florida. Of the fourteen Defendants, ten failed to respond to the Complaint and a default was entered against them, leaving for consideration the validity of the liens of Crystal Clear Sales, Inc. (Crystal Clear); J. F. Daley, Inc. (J. F. Daley), assignee of Consolidated Foods Corp., an Illinois corporation d/b/a Peck's Products Company; Scholle Corp. (Scholle); and Tire Supermarket, Inc. The default against Borden, Inc. (Borden) was not vacated, however, Borden filed an Answer to the Complaint and participated in the final evidentiary hearing. Tire Supermarket, Inc. also failed to respond to the Complaint, but there has been no proof of service filed, nor has a default been entered against it.

The facts relevant to the resolution of this controversy may be summarized as follows:

On May 28, 1980, Crystal Clear obtained a judgment against the Debtor in the Circuit Court in and for Hillsborough County, Florida in the amount of $3,992.92. An uncertified copy of the judgment was recorded on May 29, 1980 in the Official Records Book (O. R. Book) of the Public Records of Hillsborough County, Florida. A certified copy was recorded on August 18, 1980.

On April 8, 1980, Consolidated Foods Corp. an Illinois corporation d/b/a Peck's Products Company obtained a judgment against the Debtor in the Circuit Court in and for Hillsborough County, Florida in the amount of $4,770.45. An uncertified copy of the judgment was recorded on April 9, 1980 and a certified copy was recorded on June 2, 1980 in the O. R. Book of Hillsborough County. The judgment was ultimately assigned to J. F. Daley.

On July 10, 1980, Scholle obtained a judgment against the Debtor in the Circuit Court in and for Hillsborough County, Florida in the amount of $7,836.51. An uncertified copy of the judgment was recorded on July 11, 1980 in the O. R. Book of Hillsborough County, Florida. A certified copy of the judgment was recorded on August 4, 1980.

On June 30, 1980, Borden obtained a judgment against the Debtor in the Circuit Court in and for Hillsborough County, Florida in the amount of $33,166.61. An uncertified copy of the judgment was recorded on June 30, 1980, and a certified copy was recorded July 2, 1980 in the O. R. Book of Hillsborough County. On July 24, 1980, Borden obtained an amended judgment in the amount of $38,729.61 and an uncertified copy was recorded on July 25, 1980.

The Debtor filed its petition in bankruptcy on August 1, 1980 and instituted this adversary proceeding to avoid the judicial liens under § 547 of the Bankruptcy Code and § 55.10 of the Florida Statutes.

The Debtor contends that the Fla.Stat. § 55.10 requires that judgments do not become liens on real estate unless a certified copy of the judgment is recorded in the Official Records Book of the Public Rec-

ords. The Debtor further contends that any lien created after the petition was filed is null and void by virtue of § 362 of the Code. Finally, the Debtor contends that any lien created within the 90 day preference period is voidable under § 547 of the Code.

Florida Statutes § 55.10 provides as follows:

"A judgment or decree becomes a lien on real estate in any county when a *certified* copy of it is recorded in the Official Records ... of the County ..." (emphasis supplied)

There is no doubt that an uncertified copy of the judgment is insufficient as a matter of law to create a lien on real property and a certified copy of the judgment must be recorded in the County's Official Records before a valid judgment lien is created. *Smith v. Venus Condominium Association, Inc.*, 352 So.2d 1169 (Fla.1978). Therefore, any lien claimed by virtue of a recorded uncertified copy of a judgment is not valid.

The judgment liens of the Defendants Crystal Clear and Scholle were created on August 19, 1980 and August 4, 1980, respectively, which dates were after the Debtor filed its petition for relief on August 1, 1980. Section 362(a) of the Code provides that the filing of a petition for relief under the Code operates as a stay of any act to create, perfect or enforce any lien against property of the Debtor's estate or property of the Debtor. The stay is effective upon the date of filing and actions taken in violation of the stay are void even if there is no actual notice of the stay. *Kalb v. Feuerstein*, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940); *In re Eisenberg*, 7 B.R. 683 (Bkrtcy.E.D.N.Y.1980). *See*, 2 *Collier on Bankruptcy*, ¶ 362.11 (15th ed. 1981). Therefore, those judgment liens created by Crystal Clear and Scholle are void.

This leaves for consideration the liens held by Defendants, J. F. Daley and Borden, the validity of which is challenged by the Debtor on the ground that the claimed liens are "transfers" within the meaning of the Code and since the transfers were perfected within the 90 day protective period, they are voidable.

Section 547(b) of the Code allows the trustee of the debtor's estate to avoid any transfer of property (1) to or for the benefit of a creditor, (2) on account of an antecedent debt, (3) made while the debtor was insolvent, (4) within 90 days before the date of filing of the petition, (5) which enables the creditor to receive more than he would if the case were a Chapter 7 liquidation proceeding and the transfer had not been made. Section 541(f) further provides that for the purpose of the preferences section the Debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition. The Defendants take issue only with the element of the Debtor's insolvency, contending that the Debtor was, in fact, solvent when the judgment liens were created.

The Debtor's assets consist of a 575 acre farm located in Brandon, Florida, a milk plant located in Tampa, Florida and other various parcels of real estate also located in and around Tampa. In addition, the Debtor owns miscellaneous equipment used in its milk processing operation, a savings bond valued at $500, one account receivable, some office equipment, some motor vehicles and a small amount of cash. The Defendants contend that the fair market value of the assets at the time pertinent was $3,939,-631.35, against the Debtor's valuation of $2,915,500.

The Debtor's liabilities consist of large debts to the Federal Land Bank of Columbia, to the Tampa Independent Dairy Association, and approximately $420,000 owed to unsecured creditors. According to the Defendants, these liabilities total $3,320,-697.45; the Debtor places the amount at $3,379,782.73.

Although the Schedules of Assets and Liabilities filed by the Debtor present a picture of solvency, the record and evidence presented indicate and the Court is satisfied that the Debtor's liabilities in fact exceeded its assets at the time that the Defendants procured their liens. At least, the Defend-

ants failed to overcome the statutory presumption of insolvency. Therefore, by the terms of § 547, the liens of J. F. Daley and Borden are voidable.

In accordance with the foregoing, it is

ORDERED, ADJUDGED AND DECREED that final judgment be, and the same hereby is, entered in favor of the Debtor, Florida Dairy, Inc. and against the Defendants and the liens claimed by the Defendants, Crystal Clear Sales, Inc.; J. F. Daley, Inc.; Scholle Corporation; and Borden, Inc., which are the subject of this proceeding, are hereby declared null and void and of no further force and effect.