742 So.2d 846 (1999)
Ruth M. DIAZ, a/k/a Ruth Albala, Appellant,
v.
Sandra J. PLUMHOFF, Appellee.
No. 98-02881.
District Court of Appeal of Florida, Second District.
September 17, 1999.
Christopher Desrochers, Winter Haven, for Appellant.
Samuel G. Crosby, Lakeland, for Appellee.
GREEN, Judge.
Defendant, Ruth M. Diaz, a/k/a Ruth Albala (Diaz), appeals the trial court's summary judgment in favor of plaintiff, Sandra J. Plumhoff (Plumhoff), which quieted title and declared Plumhoff to be the owner of real property previously owned by Diaz, but deeded to Plumhoff by sheriff's sale under section 56.061, Florida Statutes (1997). We reverse.
This is apparently a case of first impression, and the underlying facts are not in dispute. Plumhoff obtained a money judgment against Diaz for $8,206.60, plus $567.40 in prejudgment interest. Both parties agree the judgment did not constitute a lien on the property of Diaz because no certified copy containing the address of *847 Plumhoff was ever recorded. See § 55.10, Fla. Stat. (1997); Hott Interiors, Inc. v. Fostock, 721 So.2d 1236 (Fla. 4th DCA 1998); Robinson v. Sterling Door & Window Co., 698 So.2d 570 (Fla. 1st DCA 1997); Steinbrecher v. Cannon, 501 So.2d 659 (Fla. 1st DCA 1987); Smith v. Venus Condominium Ass'n, 352 So.2d 1169 (Fla. 1977). Simply stated, Plumhoff short-circuited the regular channel for such collections by proceeding directly under section 56.061, which reads in pertinent part: "Lands and tenements, goods and chattels, equities of redemption in real and personal property, and stock in corporations, shall be subject to levy and sale under execution." The trial judge held that Plumhoff was not required to proceed under section 55.10 because the perfecting of a lien under the circumstances of this case is not necessary in order for the sheriff to proceed under aforementioned section 56.061 of the Florida Statutes.
Much has been written about the necessity for compliance with the requirements of section 55.10, and we do not readdress that issue, except to hold that compliance was necessary in this case before the sheriff was empowered to proceed with levy and sale under section 56.061. See Hott, Robinson, Steinbrecher, and Smith. As mentioned above, we are aware of no precedent which would empower the sheriff to do otherwise.
Chapter 55 of the Florida Statutes deals exclusively with the subject of judgments, whereas chapter 56 is devoted to final process. Final process is the last process in a suit to enforce execution of a judgment and is distinguished from mesne process, which includes writs issued during the progress of a case and before final judgment. See BLACK'S LAW DICTIONARY 1370 (6th ed.1990). Section 56.061 only describes the types of property which are subject to levy and sale under execution. A judgment creditor must first perfect a lien against the lands of a judgment debtor before proceeding with final process under section 56.061.
We therefore, reverse the summary judgment in favor of Plumhoff and remand with directions for proceedings consistent with this opinion.
Reversed.
BLUE, A.C.J., and SALCINES, J., Concur.