777 So.2d 1055 (2001)
Thomas E. DYER, Jr., individually and as co-trustee of the David B. Dyer Trust, Thomas E. Dyer, Sr., as co-trustee of the David B. Dyer Trust, The David B. Dyer Trust and David B. Dyer, as grantor of the David B. Dyer Trust, Appellants,
v.
BEVERLY & TITTLE, P.A., a Florida professional association, Appellee.
No. 4D99-2841.
District Court of Appeal of Florida, Fourth District.
January 10, 2001.
Rehearing Denied March 9, 2001.
*1056 Ronald E. D'Anna, David J. Pascuzzi and John Ioannou, Jr. of Mattlin & McClosky, Boca Raton, for Appellant Thomas E. Dyer, Jr.
Richard W. Glenn of the Law Office of Richard W. Glenn, West Palm Beach, for appellee.
DELL, J.
Thomas E. Dyer, Jr., and others appeal from an amended final judgment of foreclosure that permits the forced sale of his homestead property to satisfy two judgments for attorney's fees and costs incurred in a dissolution proceeding. We reverse.
Lisa and Thomas Dyer, Jr. were divorced in 1994 after ten years of marriage. One child was born of the marriage. In the final judgment of dissolution, the trial court awarded Ms. Dyer custody of the minor child and child support. The trial court also awarded Ms. Dyer exclusive use and possession of the marital home, even though the court concluded that the home was not a marital asset, but Mr. Dyer's separate property. "[A]s additional child support," the trial court ordered that Mr. Dyer "pay the mortgage, taxes, insurance, homeowners association fees and other similar expenses of the marital home." *1057 The trial court further awarded Ms. Dyer her reasonable attorney's fees and costs.
Mr. Dyer appealed the final judgment of dissolution. This court affirmed, but remanded for the trial court to factor the value of the home into the child support package. See Dyer v. Dyer, 658 So.2d 148 (Fla. 4th DCA 1995).
Thereafter, Ms. Dyer obtained two final judgments for her attorney's fees, one in 1995 and one in 1997. Both of the final judgments awarded Ms. Dyer a definite sum of money and ordered that the "judgment[s] shall be a lien on the former marital residence which was awarded to the Former wife in this case as a form of child support." Subsequently, Ms. Dyer assigned her rights under the judgments to Beverly & Tittle, P.A. ("appellee"), who sought foreclosure against Mr. Dyer's home[1] to satisfy the judgment liens. At the close of appellee's foreclosure hearing, the trial court ruled:
I'm absolutely convinced that public policy of this state is now such that it will allow a lienequitable lien and actually a forced sale of homestead property if it's in connection with child support or alimony ... [A]nd there's a couple of cases that suggest that attorney's fees in connection with a marital dispute which results in any award of alimony or child support should be treated the same way, in fact, as alimony and child support. And for that reason I find that [appellee] [is] entitled to an equitable lien upon [Mr. Dyer's] property and is entitled to foreclose that equitable lien.[2]
Appellants raise three points on appeal. First, they contend that the final judgments did not become liens on the home because appellee failed to comply with section 55.10(1), Florida Statutes (1997). Next, they argue that the trial court erred by imposing an equitable lien since such a theory was neither pled nor tried by consent and there was insufficient evidence to support such a finding. Finally, appellants claim that the home was protected from foreclosure by virtue of the Florida homestead exemption.
Appellants first argue that section 55.10(1), Florida Statutes, lists specific recording requirements that must be met before a judgment can mature into a lien and attach to the subject property. See Decubellis v. Ritchotte, 730 So.2d 723 (Fla. 5th DCA 1999). Section 55.10(1) states:
A judgment, order, or decree becomes a lien on real estate in any county when a certified copy of it is recorded in the official records or judgment lien record of the county, whichever is maintained at the time of recordation, and it shall be a lien for a period of 7 years from the date of the recording provided that the judgment, order, or decree contains the address of the person who has a lien as a result of such judgment, order, or decree or a separate affidavit is recorded simultaneously with the judgment, order, or decree stating the address of the person who has a lien as a result of such judgment, order, or decree. A judgment, order, or decree does not become a lien on real estate unless the address of the person who has a lien as a result of such judgment, order, or decree is contained in the judgment, order, or decree or an affidavit with such address is simultaneously recorded with the judgment, order, or decree.

(Emphasis added).
Appellee argues that section 55.10(1) applies to judgments awarding money damages but not to what it refers to as "judgment *1058 liens." In essence, appellee contends that where the wording of the judgment provides that the judgment shall be a lien on real property, the judgment itself creates the lien, and compliance with section 55.10(1) is not required to convert the judgment into a lien. While we find this argument persuasive, the cases interpreting section 55.10(1) do not permit this construction.
In Hott Interiors, Inc. v. Fostock, 721 So.2d 1236 (Fla. 4th DCA 1998), this court considered whether a final judgment becomes a lien on real estate when it fails to contain the judgment holder's address. The plaintiff had obtained two money judgments against the defendants for a total of $58,648.89 and recorded certified copies of the judgments in Broward County. Although both judgments contained the address of the plaintiff's attorney, neither contained the plaintiff's address. Thereafter, the defendant and his wife conveyed the real property to another, then sued for declaratory relief seeking a ruling that no liens had attached to the real property as a result of the recordation of the judgments. We held that strict compliance with section 55.10(1) was required. We stated that:
We must construe section 55.10(1) `to give effect to the plain meaning of its words.' Palm Beach County Health Care Dist. v. Everglades Mem'l Hosp., 658 So.2d 577, 580 (Fla. 4th DCA 1995) rev. denied, Everglades Mem'l Hosp. v. Palm Beach County Health Care Dist., 701 So.2d 867 (Fla.1997).
* * *
Because the wording of section 55.10(1) is not ambiguous, unreasonable, or illogical, we may not go beyond its clear wording and plain meaning to expand its reach. ... To do so would be to extend or modify the express terms of the statute, which would be an improper abrogation of legislative power....
Id. at 1238 [citations omitted, emphasis added].
In Hott we also concluded that the requirements of section 55.10(1) are substantive rather than procedural law:
A statutory determination of what content is necessary for a judgment to become a lien on real property is a substantive law, because it creates the form of judgment that becomes a lien. How this type of lien is created is a matter of legislative prerogative. As explained by the supreme court in Smith v. Venus Condominium Ass'n., Inc., 352 So.2d 1169, 1170-71 (Fla.1977):
At common law, except for debts due the King, the lands of a debtor were not liable to the satisfaction of a judgment lien against him, and consequently, a judgment did not operate as a lien on the real estate of the debtor. Judgment liens on land are statutory liens and their existence depends upon the legal effect of the statute by which they are created.

(Citations omitted)(emphasis supplied).
Id. at 1239.
Smith v. Venus Condominium also holds that section 55.10 "requires the recordation of a certified copy of the final judgment in the county's official records before a valid judgment lien can be created." Id. at 1170 [emphasis added].
We recognize that cases cited by the parties and those we have found involve money judgments or the like and do not address judgments that expressly provide for a lien such as an equitable lien on real property. However, neither party has cited, nor have we discovered, cases which except judgments awarding equitable liens from the requirements of section 55.10(1). We therefore hold that the 1995 and 1997 judgments for attorneys fees and costs did not become liens on appellant's property, by reason of appellee's failure to comply with section 55.10(1), Florida Statutes.
Next, appellants argue that the trial court erred by imposing an equitable lien because such a theory was neither *1059 pled nor tried by consent, and there was insufficient evidence to support such a finding. We find this argument unpersuasive for two reasons. First, the trial court's finding that the underlying judgments constitute equitable liens is consistent with the attorney's fee judgments entered in 1995 and 1997. In both attorney's fee judgments, the trial court provided that the "judgment[s] shall be a lien on the former marital residence which was awarded to the former wife in this case as a form of child support." Appellee correctly points out that the judgments for attorney's fees and costs were never appealed nor vacated nor modified. In short, they are final in all respects. Second, in dissolution proceedings the liability of one spouse for the payment of the other's attorney's fees incurred before entry of final judgment may be deemed an item of support. See Fechtel v. Fechtel, 556 So.2d 520 (Fla. 5th DCA 1990); Young v. Young, 322 So.2d 594 (Fla. 4th DCA 1975), cert.denied, 333 So.2d 466 (Fla.1976). Here, the record contains sufficient evidence to show that the final judgment for Ms. Dyer's attorney's fees and costs were "so connected with the obligation of support as to be in the nature of support." We, therefore, hold that the underlying judgments for attorney's fees provide for equitable liens on appellants' property, and that the underlying judgments are final and not subject to further review.
In their final point on appeal, appellants argue that the homestead exemption precludes foreclosure of the judgment liens against appellants' property. We reject appellee's argument that appellants waived the homestead defense because they did not assert it until this proceeding. Although Mr. Dyer did not raise his homestead status until this appeal, the record does not show that he abandoned the property or alienated it in a manner provided by law. The defense, therefore, is not waived or barred by the doctrine of res judicata. See Sherbill v. Miller Mfg.Co., 89 So.2d 28 (Fla.1956). In Sherbill, the court concluded that the issue of whether the debtor's property was homestead was not waived or barred by the doctrine of res judicata in the second suit when it was not raised in the first suit.
Our constitution prohibits the forced sale of homestead property except for payment of taxes, improvements on the property, or labor performed on the property. Fla. Const. Art. X § 4; Smith v. Smith, 761 So.2d 370 (Fla. 5th DCA 2000). In Anderson v. Anderson, 44 So.2d 652, 655 (Fla.1950), the supreme court explained:
The Courts have taken the view that inasmuch as the purpose of the [homestead] exemption statute is to protect not only the husband but also his family from destitution and becoming a public charge, the exemption statutes will not, unless the contrary intention is clearly shown, be construed to enable the husband to claim its benefits against the very persons to whom he owes the obligation of support and maintenance, and that to construe the statute otherwise would, at least in part, defeat its avowed object.
However, courts have declined to act in equity to permit the forced sale of a homestead property unless there is evidence of the debtor's fraudulent or egregious conduct. See Smith, supra; Brose v. Brose, 750 So.2d 717 (Fla. 2d DCA 2000); Gepfrich v. Gepfrich, 582 So.2d 743 (Fla. 4th DCA 1991).
The evidence presented in this foreclosure proceeding does not support the application of the equitable exceptions to the homestead exemption. Specifically, the record does not show evidence of fraudulent or egregious misconduct by Mr. Dyer. Therefore, the trial court erred when it ordered the forced sale of Mr. Dyer's property to satisfy the judgment liens.
Accordingly, because appellee both failed to comply with section 55.10(1) Florida Statutes (1997), and because it failed to establish an equitable exception to the *1060 homestead exemption, we reverse the amended final judgment of foreclosure and the forced sale of Mr. Dyer's home.
REVERSED.
GUNTHER and STEVENSON, JJ., concur.
NOTES
[1] The record shows that Mr. Dyer did not establish another homestead after his divorce. Instead, Mr. Dyer lived with his parents until Ms. Dyer voluntarily vacated the home prior to this appeal. At that point, Mr. Dyer resumed occupancy of his home.
[2] The trial court also involuntarily dismissed the David B. Dyer Trust from this suit and declined to set aside the trust's mortgage on the former marital residence, concluding that the mortgage was not a fraudulent transfer. This decision is not challenged by the parties and will not be discussed on appeal.