915 So.2d 688 (2005)
Debbie FARKUS, Appellant,
v.
FLORIDA LAND SALES AND DEVELOPMENT COMPANY, Appellee.
No. 5D05-174.
District Court of Appeal of Florida, Fifth District.
November 4, 2005.
Rehearing Denied December 13, 2005.
Howard Hadley, Maitland, for Appellant.
No Appearance for Appellee.
PALMER, J.
Debbie Farkus appeals the final summary judgment order entered by the trial court in favor of Florida Land Sales and Development Company (Florida Land). Finding no reversible error committed by the trial court, we affirm.
Farkus filed a complaint seeking to foreclose a final judgment lien on real property owned by Florida Land. The complaint explained that a final default judgment had been entered against Florida Land in favor of CNL Income Fund IX, Ltd., in January 2003, and that said final judgment was assigned by CNL to Farkus in February 2004.
Florida Land filed an answer denying liability as well as a separate motion for summary judgment. The motion asserted that entry of summary judgment in favor of Florida Land was warranted based on the fact that the default judgment failed to comply with the terms of section 55.10(1) of the Florida Statutes (2003), which provides that a judgment does not become a lien on real property unless the address of the person who has the lien is contained in the judgment. The trial court granted the motion and entered summary judgment in favor of Florida Land. This appeal timely followed.
Section 55.10(1) of the Florida Statutes provides that a judgment becomes a lien on real property when a certified copy of it is recorded in the official records "provided that the judgment ... contains the address of the person who has a lien as a result of such judgment ... or a separate *689 affidavit is recorded simultaneously with the judgment ... stating the address of the person who has a lien as a result of such judgment, order, or decree." § 55.10(1), Fla. Stat. (2003).
The final judgment entered against Florida Land and in favor of CNL does not contain any address for CNL. As such, the judgment did not become a lien on Florida Land's property. See Butler v. Butler, 870 So.2d 239 (Fla. 2d DCA 2004)(holding that no liens attached to husband's undivided one-half interest in former marital residence as result of recordation of judgments against husband where wife/lienholder's address did not appear on judgments); Decubellis v. Ritchotte, 730 So.2d 723 (Fla. 5th DCA 1999)(holding that judgment against debtor never matured into a lien where creditor's address did not appear on judgment lien).
In challenging the trial court's ruling, Farkus argues that the provisions of section 55.10(1) are not applicable in this case because the assignment documents contain her address. In the alternative, Farkus argues that by placing her address on the assignment documents, she met the requirements of section 55.10(1). We disagree.
In addition to the fact that Farkus cites no statutory or case law to support her arguments, the arguments fail to recognize the applicability of the common law relating to assignments which provides that an assignment gives the assignee no greater rights against the principal debtor than those held by the assignor. To that end, the trial court properly concluded that Farkus' complaint failed to set forth a viable claim for enforcement of a judgment lien since her complaint asserted a claim of liability based entirely on Farkus' capacity as the assignee of CNL's judgment. "The law is well settled that an assignee succeeds to his assignor's rights under the assignment of a contract and takes it with all the burdens to which it is subject in the hands of the assignor." Shreve Land Co., Inc. v. J & D Financial Corp., 421 So.2d 722 (Fla. 3d DCA 1982).[1]
AFFIRMED.
GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] Nothing prevents the holder of a recorded judgment which does not properly contain the address of the judgment creditor from curing the defect by re-recording the judgment and simultaneously filing an affidavit with the address as provided for in section 55.10 of the Florida Statutes. Such re-recording would not relate back to the original recording of the judgment, but would create a lien on property from the date of the re-recording forward.