933 So.2d 1215 (2006)
James J. CLINTON, III, Appellant,
v.
Gary DOEHLA and Monroe County Sheriff, Appellee.
No. 3D05-2400.
District Court of Appeal of Florida, Third District.
July 5, 2006.
Rehearing Denied August 10, 2006.
*1216 Nicholas W. Mulick, for appellant.
Welbaum, Guernsey, Hingston, Greenleaf, Gregory, Black & Rune, Coral Gables; Hung Nguyen, and Elizabeth K. Russo, and Josiane Deschamps Abel, Miami, for appellees.
Before RAMIREZ, and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
RAMIREZ, J.
Plaintiff, James J. Clinton, III, appeals from an order denying his motion to set aside a sheriff's sale of real property. We reverse because a lien had not been perfected on Clinton's property before the Sheriff's Levy was published.
On February 6, 1991, appellee, Gary Doehla, obtained a money judgment against Clinton in Miami-Dade County Circuit Court based on a stipulated settlement of debt dating back to 1981. Doehla recorded a certified copy of this judgment with the Miami-Dade Circuit Court Clerk on February 7, 1991. This debt went uncollected for eleven years, until Doehla learned that Clinton had acquired real property in Monroe County.
Doehla then attempted to collect on the stipulated judgment he had entered with Clinton in 1991. He sought to record the stipulated judgment in Monroe County and obtain a lien on Clinton's real property. In addition, Doehla obtained a writ of execution for the judgment from the Miami-Dade County Circuit Court.
Doehla thereafter made two unsuccessful attempts to perfect a lien on Clinton's real property in Monroe County. The first attempt occurred on July 30, 2002. Doehla recorded a certified copy of the one-page judgment that did not contain Doehla's home address, as required by section 55.10, Florida Statutes (2001). The second unsuccessful attempt occurred on July 31, 2002. Doehla recorded a copy of *1217 the one-page judgment that contained Doehla's address, but was not certified, as required by section 55.10.
Pursuant to the writ of execution issued on the judgment by the Miami-Dade County Circuit Court, the Monroe County Sheriff began execution proceedings by issuing a Notice of Sheriff's Levy on October 1, 2002, and published a Notice of Sheriff's Levy on October 2, 2002. The date of sale was set for November 6, 2002.
On November 5, 2002, Clinton filed an "Emergency Petition to Enjoin Sheriff's Levy and Sheriff's Sale" in the Monroe County Circuit Court and requested that the court enter an order finding that Doehla had not perfected the lien on the real property, and temporarily and permanently enjoin the Sheriff's sale. On the same date, after 5 p.m., Doehla recorded a certified copy of the correct judgment and correct holder's affidavit that complied with section 55.10.
The trial judge granted Clinton a temporary stay, pending a hearing on the matter, and subject to a $285,000 bond to be posted by Clinton. Clinton did not post the bond. On November 6, 2002, the Sheriff's sale proceeded, and the property was sold.
On October 28, 2003, Clinton filed an "Amended Motion for Partial Summary Judgment" in which he sought the same relief sought in the initial Emergency Petition, claiming that the sale was invalid. The trial court eventually issued orders holding that the first two recordings did not comply with section 55.10. Nonetheless, on September 7, 2005, the trial court entered an order that under the circumstances presented, the Sheriff's sale should not be set aside.
We hold that the trial court erred when it found that the defects in the recording could have been, and were corrected, prior to the sale of the property. A judgment lien must be perfected prior to invoking the right to levy upon and sell real property, pursuant to section 55.10.
Section 55.10(1) outlines the procedure for creating judgment liens on real property. A judgment creditor must first perfect a lien against the lands of a judgment debtor before proceeding with the final process under section 56.061, Florida Statutes. See Diaz v. Plumhoff, 742 So.2d 846, 847 (Fla. 2d DCA 1999). When a judgment creditor fails to meet these requirements, "[n]othing prevents the holder of a recorded judgment which does not properly contain the address of the creditor from curing the defect by re-recording the judgment and simultaneously filing an affidavit with the address as provided for in section 55.10 of the Florida Statutes." Farkus v. Florida Land Sales and Dev. Co., 915 So.2d 688, fn. 1 (Fla. 5th DCA 2005). However, "[s]uch re-recording would not relate back to the original recording of the judgment, but would create a lien on property from the date of the re-recording forward." Id.
When Doehla recorded a certified copy of the corrected judgment and corrected holder's affidavit that complied with section 55.10, on November 5, 2002, the re-recording created a lien on Clinton's property from November 5, 2002 onward and did not relate back to July of 2002.
Consequently, the notice of the Sheriff's Levy published on October 2, 2002 cannot stand because a lien had not been perfected on Clinton's real property in Monroe County at that time. Accordingly, we reverse the trial court's order and remand with instructions that the Sheriff's sale be vacated.
*1218 Reversed and remanded with instructions.