LEVINE, J.
 

 This appeal presents the question of whether a summary judgment is precluded where there is a disputed question of material fact on whether the property in question is the appellant’s homestead. Lewis Barton appeals a summary judgment which gave the appellee, Oculina Bank, an equitable mortgage on his residential property.
 

 In 2004, Native Country Broadcasting and Productions, Inc., a company owned by the appellant, assigned what appeared to be a valid mortgage on the property to the appellee in exchange for a loan that was used to finance an ill-fated business venture. When the appellant defaulted on the loan and the appellee attempted to foreclose on the mortgage, it was established that the mortgage had been voided in a prior litigation. The appellant testified in deposition, however, that he had intended the assignment to be valid at the time it was made, and consequently, the trial court imposed an equitable mortgage for the purpose of placing the parties in the positions they would have been in had the mortgage been valid.
 

 Although the appellant did not raise the defense that the property is his homestead before the summary judgment was entered, it may be raised for the first time on appeal.
 
 Dyer v. Beverly & Tittle, P.A.,
 
 777 So.2d 1055, 1059 (Fla. 4th DCA 2001). The homestead defense derives from Article X, section 4(a) of the Florida Constitution, which provides that the real property that comprises a natural person’s homestead
 

 shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty....
 

 This provision protects homesteads against every type of claim and judgment except those specifically mentioned in the constitution.
 
 Havoco of Am,., Ltd. v. Hill,
 
 790 So.2d 1018, 1021 n. 5 (Fla.2001).
 

 Whether a property is a homestead is an issue of fact.
 
 Hillsborough Inv. Co. v. Wilcox,
 
 152 Fla. 889, 13 So.2d 448, 452 (1943). The appellant has asserted that the property was his homestead in 2004. It is undisputed that he owned and lived in the residence at the time the mortgage was assigned to the appellee in 2004. Later that year, the home on the property was destroyed by a hurricane, and at the time he gave his deposition, the appellant was in the process of getting permits to build a new home on the lot.
 

 As a result, the claim that the property is the appellant’s homestead raises disputed issues of material fact that make summary judgment improper. Fla. R. Civ. P. 1.510(c). We therefore reverse.
 

 Reversed and remanded.
 

 STEVENSON and MAY, JJ., concur.