PALMER, J.
 

 Sun Glow Construction, Inc., appeals the order entered by the county court authorizing a levy on real property owned by the corporation. This court accepted jurisdiction to review the order pursuant rule 9.160(e)(2) of the Florida Rules of Appellate Procedure to address the following question, certified by the county court to be of great public importance: “Does the re-recording of a certified copy of a judgment after the expiration of the original judgment lien impose a new lien on real property held by the judgment debt- or?” We answer the question in the affirmative and affirm.
 

 The facts in this case are as follows. Florida National Bank obtained a judg
 
 *372
 
 ment against Roberta McRee and recorded a certified copy thereof in 1990. In 1997, the judgment expired by operation of law. In 2000, the judgment was re-recorded. By that time, the judgment had been assigned to Cypress Recovery Corporation. In 2004, McRee took ownership of property which, two years later, she sold to Sun Glow Construction. In 2008, the circuit court, sitting in its appellate capacity, issued an order ruling that Cypress Recovery Corporation’s re-recording of the bank’s judgment after the original judgment lien had expired created a new lien on McRee’s property which was later sold to Sun Glow. Cypress Recovery Corporation thereafter filed a motion for an order authorizing levy on Sun Glow’s property. The county court entered an order permitting Sun Glow to intervene in the matter and raise defenses to that levy motion. The county court subsequently entered an order authorizing the levy.
 

 Sun Glow sought rehearing of the levy order; however, the county court denied the motion. At the same time, the county court certified to this court, as a question of great public importance, the issue of whether the re-recording of the bank’s judgment after the expiration of the original judgment lien imposed a new lien on the real property held by McRee and later sold to Sun Glow.
 

 We conclude that, in rejecting Sun Glow Corporation’s argument that a judgment cannot be re-recorded after it has expired by operation of law, the county court properly relied upon the previously issued order entered by the circuit court, sitting in its appellate capacity, which held that the re-recording of the bank’s judgment after the original judgment lien expired created a new lien. We further conclude that, in so ruling, the circuit court properly relied on
 
 Franklin Financial, Inc. v. White,
 
 932 So.2d 434 (Fla. 4th DCA 2006).
 

 In
 
 Franklin,
 
 932 So.2d 434 (Fla. 4th DCA 2006), the Fourth District was asked to decide whether a judgment lien may be re-recorded after it had expired. In that case, a judgment was entered in the early 1990’s. The original judgment holder never executed on the judgment. Through a series of assignments, Franklin Financial came to hold the judgment. On January 29, 2003, Franklin Financial recorded the judgment along with an affidavit containing its address. It then filed a complaint to foreclose the judgment lien on property owned by White. The trial court concluded that Franklin Financial had no valid lien on White’s property, reasoning that the underlying judgment was defective because it failed to affix liability to a specific defendant. The court accordingly entered summary judgment against Franklin Financial. On appeal, the Fourth District was asked to determine whether Franklin Financial, as the assignee of the original judgment holder, was authorized to rerecord the judgment and thereafter seek enforcement. On those facts, the Fourth District concluded that a judgment creditor is authorized to re-record a judgment after the first judgment lien has expired:
 

 Section 55.10(1), Florida Statutes (2003), provides that a judgment becomes a lien on real property in any county where a certified copy of it is recorded in the official records of the county. The judgment lien lasts for a period of ten years. The lien may be extended for an additional period by rerecording a certified copy of the judgment prior to the expiration of the lien and by simultaneously recording an affidavit with the current address of the person who has a lien as a result of the judgment. § 55.10(2), Fla. Stat. (2003). No judgment can be a lien beyond twenty years after the date of the original judgment. § 55.081, Fla. Stat. (2003). The statute is silent as to
 
 *373
 
 whether the judgment may be rerecorded after the original judgment lien has expired.
 

 The statutory mechanism for extending the life of a judgment lien was designed to allow the judgment creditor to maintain its priority over any subsequent lien holders. When a judgment is recorded, the judgment lien takes priority over any liens recorded thereafter. It maintains this priority so long as it exists. If the judgment lien begins to reach its statutorily defined time limit, the judgment creditor may file for an extension pursuant to section 55.10(2). The logical result of filing an extension is that the life of the original judgment lien is extended. By extending the judgment lien’s life, the judgment creditor maintains the judgment lien’s priority over any hens recorded after its original date of recording and also over any liens recorded after its date of extension.
 

 A different outcome is produced if the judgment creditor allows the judgment hen to lapse without filing for an extension. In that case, the judgment hen ceases to exist. The judgment creditor may choose to rerecord the judgment at a later time, but a new judgment lien is created and it takes no priority over hens already recorded. Like a child that wanders out of a queue, the newly rerecorded judgment lien has lost its place and must go to the back and stand behind all previously recorded judgment hens.
 

 We hold a judgment creditor may rerecord a judgment even after the original judgment lien has expired. Franklin Financial’s judgment was a valid judgment against Mrs. [White]. The recording of that judgment created a vahd judgment hen.
 

 Id.
 
 at 436 (footnote and case citations omitted). We agree with this conclusion.
 

 Notably, before
 
 Franklin Financial
 
 was issued, our court acknowledged that a judgment creditor is authorized to re-record a judgment and thereby create a lien. In
 
 Farkus v. Florida Land Development Company,
 
 915 So.2d 688 (Fla. 5th DCA 2005), our court addressed the issue of a judgment that did not contain the address of the judgment creditor. In that case, the facts were as follows:
 

 Farkus filed a complaint seeking to foreclose a final judgment lien on real property owned by Florida Land. The complaint explained that a final default judgment had been entered against Florida Land in favor of CNL Income Fund IX, Ltd., in January 2003, and that said final judgment was assigned by CNL to Farkus in February 2004. Florida Land filed an answer denying liability as well as a separate motion for summary judgment. The motion asserted that entry of summary judgment in favor of Florida Land was warranted based on the fact that the default judgment failed to comply with the terms of section 55.10(1) of the Florida Statutes (2003), which provides that a judgment does not become a lien on real property unless the address of the person who has the hen is contained in the judgment. The trial court granted the motion and entered summary judgment in favor of Florida Land.
 

 Id.
 
 at 688. On appeal, Farkus argued that the trial court erred in entering summary judgment in favor of Florida Land because, by placing her address on the assignment documents, she met the requirements of section 55.10(1) of the Florida Statutes. Our court rejected this argument based on the lack of legal authority to support it. Importantly, in a footnote, our court recognized the availability of a cure:
 

 
 *374
 
 Nothing prevents the holder of a recorded judgment which does not properly contain the address of the judgment creditor from curing the defect by rerecording the judgment and simultaneously filing an affidavit with the address as provided for in section 55.10 of the Florida Statutes. Such re-recording would not relate back to the original recording of the judgment, but would create a lien on property from the date of the re-recording forward.
 

 Farkus,
 
 915 So.2d at 689 n. 1.
 
 See also Clinton v. Doehla,
 
 933 So.2d 1215 (Fla. 3d DCA 2006)(holding that when a judgment creditor fails to meet the requirements for creating a judgment lien on real property nothing prevents the holder of a recorded judgment which does not properly contain the address of the creditor from curing the defect by re-recording the judgment and simultaneously filing an affidavit with the address as required by statute).
 

 In sum, we conclude that the re-recording of a certified copy of a judgment after the expiration of the original judgment hen imposes a new lien on real property held by the judgment debtor. Accordingly, we answer the certified question in the affirmative and affirm the county court’s order authorizing a levy on Sun Glow Construction’s property.
 

 AFFIRMED.
 

 GRIFFIN and EVANDER, JJ„ concur.