SUAREZ, J.
Joseph DiGiorgio (“the husband”) appeals a non-final order denying, with prejudice, his motion to strike execution and sheriffs sale. We have jurisdiction. See Fla. R.App. P. 9.130(a)(2)(C)(ii).[1] We reverse the order below and remand for an evidentiary hearing on the issue of whether the property in question constituted the homestead of the husband and barred the sheriffs levy, execution, and scheduled sale.
Mr. and Mrs. DiGiorgio were divorced in Ohio, in 2006. Mrs. DiGiorgio petitioned to domesticate the foreign divorce judgment in Miami-Dade County, alleging the failure of the husband to pay child support and claiming that he had fraudulently conveyed marital property. The Miami-Dade County Circuit Court domesticated the foreign divorce judgment and, incorporating the portion of the judgment requiring the husband to pay Mrs. DiGiorgio $785,000.00, ordered Mrs. DiGiorgio to recover from the husband that amount, plus interest, and allowed execution to issue forthwith. Mrs. DiGiorgio moved for an order setting a sheriffs sale of two properties located in Miami-Dade County which were owned by the parties as tenants-in-common, but which were not included in the final divorce judgment. The husband moved to strike the sheriffs levy and execution. The husband then filed a Notice of Homestead Affidavit claiming the properties to be his homestead since March of 2006, exempt from levy and execution under Article X, Section 4 of the Florida State Constitution. The trial court denied the husband’s motion to strike, without prejudice, and deferred ruling on the motion until it could be heard by a successor judge. The successor judge heard the motion a day before the scheduled sale and denied the motion with prejudice. The trial court entered a stay for ten days. This appeal followed the stay and this Court extended the stay pending outcome of the appeal.
The husband asserts on appeal that the levy and execution of the property that he alleges is his homestead is impermissible under Article X, Section 4 of the Florida State Constitution. The husband’s Notice of Affidavit of Homestead states that the properties attempted to be levied upon have been his homestead since 2006. Mrs. DiGiorgio contends that, because the husband filed the Notice of Homestead Affidavit after the money judgment lien had already attached to the property, she is entitled to levy and execution even if the property is determined homestead. We disagree.
Article X, Section 4 of the Florida State Constitution states that no judgment shall be a lien on property owned as homestead, as follows:
SECTION 4. Homestead; exemptions.—
(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of *970 taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person....
(1) a homestead, if located outside a municipality ... or if located within a municipality ... upon which the exemption shall be limited to the residence of the owner or the owner’s family.
Under the statute, it is the place of the actual residence of a party, not the filing of a claim for exemption, which determines if the property constitutes homestead. Solary v. Hewlett, 18 Fla. 756 (1882). The filing of the husband’s Notice of Homestead Affidavit, wherein he makes a claim for homestead exemption, is not the determining factor of whether or not the property is the husband’s homestead and it matters not if the Notice of Homestead Affidavit was filed after the judgment lien. The question of whether the property constitutes homestead can be answered only upon proof of the husband’s residence. While we agree with the husband that the levy and execution of the parties’ property may be barred by the protection of homestead, the question of whether the property is, in fact, the husband’s homestead can only be answered by evidentiary proof. Only after the question of whether the property is the husband’s homestead is answered by evidentiary proof can it be determined if the trial court properly denied the motion to strike execution and sheriffs sale. The determination of whether the property is homestead is a question of fact to be resolved by the trier of fact below. Hillsborough Inv. Co. v. Wilcox, 152 Fla. 889, 13 So.2d 448 (1943); Barton v. Oculina Bank, 26 So.3d 640 (Fla. 4th DCA 2010).
We therefore reverse and remand for an evidentiary hearing to determine if the property was, in fact, the homestead of the husband before concluding that he was entitled to a bar on execution of the money judgment.[2]
Reversed and remanded with directions.

. The non-final appeal from the July 13, 2010 order denying with prejudice a motion to strike execution and sheriff's sale is timely. The May 25, 2010 order denying, without prejudice, the motion to strike execution and sheriff's sale specifically deferred ruling to the successor judge and, therefore, was not ripe for appeal under Rule 9.130, as it did not determine the right to possession of property, but merely deferred ruling on that determination to the successor judge.

. We note that the remedy of partition available to a joint owner, despite the claim of homestead, was never pled or requested below. See Tullis v. Tullis, 360 So.2d 375 (Fla.1978).